617 F.2d 344
 22 Empl. Prac. Dec. P 30,786
 Toni PLANTAMURA, and others similarly situated, Appellants,
v.
Mayor Joseph CIPOLLA; Borough of Paramus Council Members:
Louis Kosco, Joan Masel, Allen Sklar, Robert Boici, Vincent
Brock, Enrico DiGiulio, Theodore D'Uva, Robert Rogut,
Blanche Patchett, Charles Sodaro, each in their official
capacity as past or present members of the Borough of
Paramus Council; John P. Nicholas, Chief of Police, Paramus
Police Department; Bergen County Police Chiefs Association;
Local 186, Patrolmen's Benevolent Association; Paramus
Police Committee; Borough Administrative Assistant; New
Jersey State Patrolmen's Benevolent Association, Paramus
Police Department.
 No. 79-1783.
 United States Court of Appeals,
Third Circuit.
 Submitted Jan. 11, 1980.
Decided March 24, 1980.
 
 Isabel Brawer Stark, Hackensack, N. J., on brief; Abraham & Stark, Hackensack, N. J., for appellants.
 Joseph S. Di Maria, Paramus, N. J., for appellees, Mayor Cipolla, and Borough of Paramus, and Mayor & Council of the Borough of Paramus, et al.
 Donald R. Conway, Hackensack, N. J., for Bergen County Police Chiefs ass'n.
 James R. Zazzali and Albert G. Kroll, Newark, N. J., of counsel and on brief; Zazzali, Zazzali & Whipple, Newark, N. J., for N. J. State P. B. A., and Local P. B. A. # 186, et al.
 Before SEITZ, Chief Judge, and ADAMS and WEIS, Circuit Judges.
 OPINION OF THE COURT
 ADAMS, Circuit Judge.
 
 
 1
 On this appeal, we are asked to decide whether the district court erred in granting partial summary judgment in favor of a number of the defendants to this civil rights suit. Because we conclude that there is no appealable order present here, we do not reach the merits and instead dismiss the appeal for lack of jurisdiction.
 
 I.
 
 2
 Toni Plantamura, alleging that the Police Department of the Borough of Paramus, New Jersey discriminates on the basis of sex in hiring, brought this class action suit for declaratory and injunctive relief under 42 U.S.C. § 1983 (1976) and Title VII of the Civil Rights Act of 1964.[1] Named as defendants were the Borough of Paramus, the Bergen County Police Chiefs' Association, Local P.B.A. # 186, the New Jersey P.B.A., the Mayor and Council of Paramus, and the Paramus Police Department. The district court granted partial summary judgment in favor of all defendants except the police department on the Title VII claims on the ground that Plantamura had not named those defendants in her original complaint that was filed with the Equal Employment Opportunity Commission. The court denied, however, each defendant's motion for summary judgment on the § 1983 claims. Thus, there remains pending in the district court an action for declaratory and injunctive relief against the police department under Title VII and against all defendants under § 1983. Plantamura has taken this appeal challenging the order granting the partial summary judgment.
 
 II.
 
 3
 We are confronted with the threshold question whether the district court's decision dismissing the Title VII claims against all defendants except the police department is an appealable order. Inasmuch as Plantamura did not seek certification of the district court's judgment under Fed.R.Civ.P. 54(b),[2] the question we must address is whether there is appellate jurisdiction under 28 U.S.C. § 1292(a)(1) (1976).[3]
 
 
 4
 The basic rule is that appeals may be taken only from final orders. Section 1292(a)(1), a legislative exception to the final order rule, is based on the premise that the potential harm caused by the continued effectiveness of an erroneous district court decision regarding a claim for injunctive relief outweighs the disadvantages of permitting piecemeal appeals.[4] As the Supreme Court has recently observed, however, "(t)he exception is a narrow one and is keyed to the 'need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.' "[5] Thus, in implementing § 1292(a)(1), it is neither appropriate nor consonant with Congress' purposes to permit an appeal from every order dismissing a party to a suit demanding injunctive relief. Rather, it is the impact of the dismissal on the plaintiff's ability to obtain effective injunctive relief that is the critical issue. Only if the dismissal of a party effectively denies the requested relief is the order appealable. Because resolution of this question depends on an assessment of the nature of the claim and the relationship of the dismissed parties to that claim, each appeal raising the issue may be decided only after a case-by-case analysis of these factors.
 
 
 5
 In Holton v. Crozer-Chester Medical Center,[6] the plaintiff brought a class action suit under § 1983 against a hospital, an affiliated clinic, and several other defendants. Alleging that the defendants unconstitutionally denied her repeated requests to be sterilized, the plaintiff sought an injunction against the hospital and the clinic, and damages from all defendants. The district court dismissed all claims against the hospital and the clinic, and the plaintiff appealed. In concluding that the trial court's decision was an appealable order under § 1292(a)(1), we observed that "(t)he sole injunction requested in this complaint is to enjoin (the hospital and the clinic) both dismissed from the suit from requiring spousal consent for sterilization."[7] Under these circumstances, we held, "their dismissal was, in effect, a denial of the requested injunction."[8]
 
 
 6
 The court in Holton cited Local 1888 v. City of Jackson[9] as an example of a situation in which the trial judge's order dismissing several defendants was not appealable because it did not effectively deny the injunctive relief sought by the plaintiffs. In Local 1888, a city employees' union and some of its members brought suit against the city for damages, declaratory judgment, and an injunction forbidding the city from continuing its alleged employment discrimination against women and racial minorities. The plaintiffs also named as defendants the United States Attorney General and the Secretaries of Labor, Housing and Urban Development, and Health, Education, and Welfare. Following dismissal of the claims against the federal departments, the plaintiffs took an interlocutory appeal pursuant to § 1292(a)(1). The Court of Appeals for the Fifth Circuit held the order nonappealable because the dismissal affected only ancillary defendants and therefore did not result in an effective denial of the requested injunctive relief.[10]
 
 
 7
 In this case we must decide the question to which we alluded in Holton namely, whether a dismissal of some defendants which has the effect of reducing the number of parties to whom the injunction would apply is an appealable order under § 1292(a)(1). Under the circumstances present here, we hold it is not.
 
 
 8
 Unlike Holton, the order of the district court here, which granted summary judgment in favor of all the defendants but the police department, was not an effective denial of the requested injunctive relief. The heart of Plantamura's claim is that the police department maintains an unlawful, sexually discriminatory hiring policy. If the plaintiff prevails on this allegation, she will obtain the full relief she has requested that is, the police department would be enjoined from continuing to discriminate.[11] Of course, the summary judgment has reduced the number of persons and organizations against whom the potential injunction might lie. But there is nothing in the record which suggests that the scope of the requested relief has been narrowed. On the contrary, it appears that an injunction against the police department alone would provide the full relief sought by Plantamura.[12]
 
 
 9
 This is to be contrasted with cases such as Build of Buffalo, Inc. v. Sedita,[13] in which dismissal of the defendants in fact narrowed the scope of available injunctive relief. In Build, the plaintiffs sought to enjoin the Buffalo Police Department from continuing to engage in a "systematic pattern of conduct" that allegedly violated their constitutional and civil rights. The district court dismissed the claims against the mayor, the police commissioner, and the Department of Human Services. The plaintiffs appealed the dismissal of the first two defendants on the ground that their presence was critical to the plaintiffs' chances of succeeding on their claims that the department had condoned, encouraged, directed, or permitted the unlawful acts of individual police officers.
 
 
 10
 The court of appeals held that the order dismissing the mayor and police commissioner was appealable under § 1292(a)(1): "The dismissal did not merely limit the number of defendants against which any injunctive relief might ultimately run." Rather, the court characterized the order as " 'contracting the scope of the injunctive relief originally sought.' "[14] The court observed that the gist of the plaintiffs' claim was "the systematic and knowledgeable failure of responsible authorities to take any measures to correct a pattern of abusive police practices."[15] Under these circumstances, the court held, "even if injunctive relief were eventually awarded against each of the named individual police defendants (who were not dismissed as parties), it would not at all satisfy plaintiffs' claim for relief from systematic misbehavior at levels of authority higher than that of the patrolman on the beat."[16]
 
 
 11
 In short, the district court's action in Build, unlike the order entering summary judgment in this case, had narrowed the scope of the available injunctive relief so as effectively to prevent the plaintiffs from obtaining the full relief they requested.[17] We conclude, under the circumstances present here, that the summary judgment order dismissing the Title VII claims against all defendants except the police department is not an appealable order under § 1292(a)(1). Inasmuch as this decision precludes our exercising jurisdiction, at least at this time, the appeal will be dismissed and the case remanded to the district court.
 
 
 
 [1]
 42 U.S.C. § 2000e-2 (1976)
 
 
 [2]
 Rule 54(b) provides:
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 [3]
 Section 1292(a)(1) provides:
 The courts of appeals shall have jurisdiction of appeals from:
 Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.
 
 
 [4]
 See 10 C. Wright & A. Miller, Federal Practice and Procedure § 2658, at 56 (1973)
 
 
 [5]
 Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 480, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1978) (quoting Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955)). In Bodinger, the Court reviewed the history of § 1292. 348 U.S. at 180-85, 75 S.Ct. at 252-254
 
 
 [6]
 560 F.2d 575 (3d Cir. 1977)
 
 
 [7]
 Id. at 577
 
 
 [8]
 Id. See also General Elec. Co. v. Marvel Rare Metals Co., 287 U.S. 430, 432-33, 53 S.Ct. 202, 203-204, 77 L.Ed. 408 (1932) (dismissal of counterclaim for injunctive relief held appealable order under predecessor of § 1292(a)(1)); Lair v. Fauver, 595 F.2d 911, 912 (3d Cir. 1979) (per curiam) (dismissal of injunction claim deemed to be appealable order under § 1292(a)(1))
 
 
 [9]
 473 F.2d 1028 (5th Cir. 1973) (per curiam)
 
 
 [10]
 Id. at 1029. The court emphasized that the "basic prayer of the complaint" is for an injunction against the city. In contrast, "(t)he federal defendants are in the nature of ancillary parties-defendant, rather than primary defendants. The dismissal of these defendants . . . in no way prevents the plaintiffs from obtaining injunctive relief against the primary defendant." Id
 
 
 [11]
 Although Plantamura alleged that the Bergen County Police Chiefs' Association administers a sexually discriminatory physical test for police department applicants, the class seeking relief includes only applicants to the Paramus Police Department. Under these circumstances, an injunction against the Department proscribing the use of such a discriminatory test would provide the full relief requested that applicants to the Paramus Police Department not be subjected to sexual discrimination
 
 
 [12]
 Accord, Scarrella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1209-10 (8th Cir. 1976) (per curiam)
 
 
 [13]
 441 F.2d 284 (2d Cir. 1971)
 
 
 [14]
 Id. at 287 (quoting id. at 294 (Anderson, J., dissenting)). Cf. Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 481, 98 S.Ct. 2451, 2454, 57 L.Ed.2d 364 (1978) (denial of class certification held not appealable under § 1292(a)(1), noting that "the order merely limits the scope of the relief that may ultimately be granted")
 
 
 [15]
 Id
 
 
 [16]
 Id
 
 
 [17]
 See Yaffe v. Powers, 454 F.2d 1362, 1364-65 (1st Cir. 1972)