NEW JERSEY STATE NURSES ASSOCI-ATION, as a Non–Profit Corporation of the State of New Jersey, and on behalf of members of New Jersey State Nurses Association,

v.

Virginia TREACY, Frances Bikoff, Esther Bediones, Maureen Gettle, Barbara Biven, Margaret Allen, Addie Cheatham, Debbie Dixon, Marion Ginsberg, Joanne Sacks, Debbie Sciullo and Ann Young, Defendants–Counterclaimants.

JNESO, an unincorporated labor organization, Additional Counterclaimant,

v.

Barbara WRIGHT, in her capacity as Executive Director, Muriel Shore, in her capacity as President of the New Jersey State Nurses Association, Additional Defendants On the Counterclaim.

**Appeal of NEW JERSEY STATE NURSES ASSOCIATION.**

No. 87–5004.

United States Court of Appeals, Third Circuit.

Argued July 14, 1987.

Decided Nov. 27, 1987.

Mark D. Schorr (argued), Sterns, Herbert, Weinroth & Petrino, Trenton, N.J., for appellant.

Paul J. Linker (argued), Robinson, Wayne, Levin, Riccio & LaSala, Newark, N.J., for appellee.

Before HIGGINBOTHAM, BECKER and HUNTER, Circuit Judges.

### OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

The New Jersey State Nurses Association ("NJSNA") appeals from an order granting partial summary judgment in favor of defendant-appellee Jersey Nurses Economic Security Organization ("JNESO"). We hold that the district court order is not appealable under 28 U.S.C. § 1292(a)(1) (1982).

I.

NJSNA is a professional association of approximately 5,500 registered nurses in the state of New Jersey, of which JNESO until September 1985 was the collective bargaining component. The two organizations had separate boards of directors and

officers. NJSNA, however, collected membership dues for both organizations, distributing thirty dollars of each annual $195 membership fee to JNESO. Although JNESO was initially created in 1970 pursuant to NJSNA's by-laws, 1981 amendments to the by-laws of both organizations deleted all references to each other, except that JNESO continued under the official name of "Jersey Nurses Economic Security Organization of the New Jersey State Nurses Association."

In September 1985, the Board of Directors of JNESO voted to disaffiliate from NJSNA, subject to approval by JNESO's members. On October 18, 1985, that approval was given when JNESO-represented employees voted 615 to 92 in favor of the disaffiliation resolution.

Two days prior to this ballot count, NJSNA filed suit against JNESO and various individual defendants in New Jersey Superior Court, alleging, *inter alia,* that the prospective disaffiliation was invalid and requesting damages and injunctive relief. JNESO successfully removed the case to federal district court pursuant to 28 U.S.C. § 1441 (1982). Subject matter jurisdiction was asserted pursuant to 29 U.S.C. § 185 (1982), the Labor Management Relations Act.[1]

In federal court, JNESO filed an answer and counterclaim on the ground that disaffiliation was proper. NJSNA then moved to remand the matter to state court or, in the alternative, for preliminary injunctive relief. These motions were denied on November 7, 1985. JNESO in turn moved for a preliminary injunction. By opinion and order dated December 4, 1985, the district court granted JNESO's motion to the extent

that NJSNA be enjoined from [(1)] interfering with JNESO's collective bargaining activities, [(2)] from indicating to employers that JNESO is no longer a collective bargaining representative or that it remains affiliated with NJSNA; [(3)] from attempting to conduct any collective bargaining activities in conflict with those already handled by JNESO; or [(4)] from interfering with JNESO's mail or dues collection procedures.

*New Jersey State Nurses Ass'n v. Treacy,* No. 85–4912 (D.N.J. Dec. 4, 1985) (order granting preliminary injunction). It also granted JNESO's request for payment of certain collective bargaining expenses. The district court denied, however, JNESO's request "that any dues deduction payments it receives in excess of $25,000 shall be held in escrow pending final adjudication." *Id.* NJSNA appealed from this injunctive order. On August 7, 1986, this Court affirmed the judgment of the district court. *New Jersey State Nurses Ass'n v. Treacy,* 800 F.2d 1137 (3d Cir.1986) (order affirming preliminary injunction).

While the appeal from the preliminary injunction was pending before this Court, JNESO moved for partial summary judgment. The motion included a request to "convert [the] preliminary injunction in favor of JNESO into a final order." Appellant's Reply Brief at 2a. At a hearing on March 17, 1986, the district court adjourned the motion pending further discovery.

On September 5, 1986, a month after this Court affirmed the issuance of the preliminary injunction, JNESO renewed its motion for partial summary judgment. In its notice of motion, JNESO characterized its request as to the disaffiliation issue as "requesting that ... [the district] court *convert its earlier preliminary injunc-*

---

**1.** Section 185 provides, *inter alia,* that

    *Suits for violation of contracts* between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or *between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.*

    .     .     .     .     .

For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, *district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.*

29 U.S.C. §§ 185(a), 185(c) (1982) (emphases added).

*tion to a final injunction* by declaring that JNESO is the sole collective bargaining representative of all nurses presently covered by extant collective bargaining agreements [that] it negotiated." Appellant's Reply Brief at 6a. (emphasis added). On October 28, 1986, the district court, in a letter opinion, stated that "the court now renders final earlier preliminary determinations that [JNESO's] ... right [to disaffiliation] exists." *New Jersey State Nurses Ass'n v. Treacy*, No. 85–4912, letter op. at 2 (D.N.J. Oct. 28, 1986). The letter opinion also noted that JNESO had "previously moved to convert the preliminary injunction to a permanent injunction...." *Id.* at 4. Neither this letter opinion nor the subsequent order signed on November 26, 1986,[2] however, further discusses JNESO's requests for injunctive relief or for "conversion" of the preliminary injunction to a permanent one. The district court order simply states that "the Court having issued a written opinion dated October 1986, for the reasons set forth in that opinion, it is on this 26th day of November, 1986, hereby ORDERED AND ADJUDGED that JNESO's motion for summary judgment is hereby granted and its disaffiliation of October 1985 is declared to be valid and legal...." *New Jersey State Nurses Ass'n v. Treacy*, No. 85–4912 (D.N.J. Nov. 26, 1986) (order granting partial summary judgment).

NJSNA brought this appeal, asserting the existence of appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) (1982).

## II.

■ It is undisputed that the November 26, 1986 order is not "final" within the meaning of 28 U.S.C. § 1291 (1982). The order granted summary judgment in favor of a single defendant on only one issue, the validity of the disaffiliation. Appellant NJSNA nevertheless urges this Court to find appellate jurisdiction under 28 U.S.C. § 1292(a)(1) (1982). NJSNA argues that, although the district court order did not

explicitly grant a permanent injunction, "it nonetheless had the practical effect of doing so." *Carson v. American Brands, Inc.*, 450 U.S. 79, 83, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981); *accord Presinzano v. Hoffman La–Roche, Inc.*, 726 F.2d 105, 109 (3d Cir.1984). Alternatively, NJSNA argues that the district court's order "modified" the preliminary injunction by converting it into a permanent one.

Section 1292(a)(1) provides that "[t]he courts of appeals shall have jurisdiction of appeals from[ ] ... [i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions...." 28 U.S.C. § 1292(a)(1) (1982). By defining certain "classes of interlocutory orders," *Hoots v. Pennsylvania*, 587 F.2d 1340, 1346 (3d Cir.1978) ("*Hoots I*"), that may be appealable, section 1292(a)(1) creates exceptions to the rule that a district court order ordinarily must be final before appellate jurisdiction attaches. The issue that must be resolved here is whether the partial summary judgment order, which makes no explicit mention of a final and permanent injunction, can be interpreted as falling within the ambit of section 1292(a)(1).

■ This Court has often observed that the "literal characterization of an order ... only begins the inquiry into appealability" pursuant to section 1292(a)(1). *Hoots v. Pennsylvania*, 639 F.2d 972, 979 (3d Cir. 1981) ("*Hoots II*"); *accord Rodgers v. United States Steel Corp.*, 541 F.2d 365, 372 (3d Cir.1976); *Stateside Mach. Co., Ltd. v. Alperin*, 526 F.2d 480, 482 (3d Cir. 1975). Just as we have refused to treat automatically as injunctive those orders that are labelled as such, we have also recognized that certain orders not explicitly styled as injunctions may have injunctive effect. Indeed, this Court has looked beyond the form of partial summary judgment orders, such as this one, to ascertain whether they in effect granted or denied injunctive relief. *See, e.g., Presinzano*, 726 F.2d at 109 (partial summary judgment

---

**2.** The letter opinion requested that "JNESO ... submit an appropriate order." *New Jersey State Nurses Ass'n*, No. 85–4912, letter op. at 9 (D.N.J. Oct. 28, 1986). Counsel for JNESO then apparently submitted the order being appealed here.

grant had "practical effect" of refusing injunction); *Plantamura v. Cipolla,* 617 F.2d 344, 347 (3d Cir.1980) (partial summary judgment order did not "narrow[ ] the scope of the available injunctive relief so as" to deny injunction); *Murphy v. Landsburg,* 490 F.2d 319, 320 (3d Cir.1973) (order granting partial summary judgment as to two counts requesting damages and injunctive relief effectively granted an injunction), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1941, 40 L.Ed.2d 289 (1974). The fact that the district court's November 26, 1986 order on its face merely granted partial summary judgment does not, therefore, determine how it will be characterized on review.

In *Presinzano,* in *Plantamura* and in *Murphy,* however, we analyzed a summary judgment's effect upon the equitable relief requested in an underlying complaint. Here, by contrast, we are asked to find, on the basis of the district court's incompletely expressed intent, that its order had an injunctive effect. To support this position, NJSNA points to language in the moving papers and in the October 1986 letter opinion indicating that JNESO intended each of its motions for summary judgment to include a request for permanent injunctive relief. Although the district court may have understood the summary judgment motions to include such requests, it did not address these requests in its order. We decline to infer the grant of a permanent injunction from so tentative a record.

Similarly, we cannot accept NJSNA's characterization of the November 26, 1986 order as one "modifying ... an injunction." 28 U.S.C. § 1292(a)(1) (1982). To be characterized

> as an order modifying an injunction, two requirements appear to be necessary and must be satisfied [by the interlocutory order]: (i) the original or prior order must have been injunctive in character, and (ii) that injunction must have been modified in some respect by the order from which the appeal has been taken.

*Hoots I,* 587 F.2d at 1348; *accord Bradley v. Milliken,* 772 F.2d 266 (6th Cir.1985). While the original December 1985 order

obviously satisfies the first prong of this test, the subsequent November 26, 1986 order does not satisfy the test's second prong. As the Court of Appeals for the Seventh Circuit has persuasively stated, "even if the motion in the case at hand were captioned a motion to 'modify' but was in fact an attempt to relitigate the original injunction, we would not have jurisdiction over it." *Buckhanon v. Percy,* 708 F.2d 1209, 1212 (7th Cir.1983), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1281, 79 L.Ed.2d 684 (1984). The November 26, 1986 order did nothing more than declare that the disaffiliation was legal and valid. At no time did the court in its November 26, 1986 order use the term injunction, nor did it grant any additional relief beyond that granted in December 1985. The order does not contain the specificity one would expect in a final injunction and, on this record, we will not construe it as such. Moreover, if we accepted NJSNA's argument that the November 26, 1986 order somehow modified the December 1985 order, we would then be allowing relitigation of an injunction that we have previously reviewed, in a situation where there may be yet another appeal and review, pursuant to 28 U.S.C. § 1291 (1982), after other facets of litigation are concluded. It must be noted in this regard that the merits of this disaffiliation claim have been reviewed directly or indirectly at least four times: by the National Labor Relations Board, upon JNESO's application for certification; by the district court, upon NJSNA's request for preliminary injunction, and again upon JNESO's request for preliminary injunction; and by this Court, on the earlier appeal of the preliminary injunction order. Recently, where we anticipated multiple appeals in the litigation of a single request for injunction, we noted the "general principle [that] duplicative litigation in the federal court system is to be avoided" and dismissed the appeal. *Remington–Rand Corp.–Del. v. Business Systems Inc.,* 830 F.2d 1274, 1276 (3d Cir.1987). This principle is surely applicable here.

We reiterate that, in assessing whether appealability pursuant to section 1292(a)(1) exists, "[w]e must 'approach this statute

somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders.'" *United States v. RMI*, 661 F.2d 279, 281 (3d Cir.1981) (quoting *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 24, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966)). We note that the district court has not yet decided the remaining issues of the proper allocation of dues collected by NJSNA, the liability of the individual defendants and of the plaintiff on the cross-claims, and the amount of damages and other relief owed to all parties. NJSNA's claim that the disaffiliation is invalid has already been reviewed a total of four times by the National Labor Relations Board and the federal courts. To grant NJSNA a fifth review by way of an interlocutory appeal would run counter to the policy against piecemeal appeals underlying the presumption against the appealability of interlocutory orders. Under these circumstances, neither the law nor reason precludes requiring the parties to postpone appeal of this issue until a final order is entered on all aspects of the litigation.

### III.

For the foregoing reasons, we will dismiss this appeal for lack of appellate jurisdiction and remand the matter to the district court for further proceedings.