**JOHN ENRIETTO and MARK FARRELL, Appellants**

**v.**

**ROGERS TOWNSEND & THOMAS PC, RICHARD SCOTT and
JULIUS VAN DE VOORDE,[1] Appellees/Intervenors**

S. Ct. Civ. No. 2007/058

Supreme Court of the Virgin Islands

August 29, 2007

---

[1] In the trial court, where the civil action involves numerous plaintiffs, defendants and intervenors, this case was captioned as *Board of Directors Bluebeard's Castle Villas III Condominium Association, et al., v. Fairfield Resorts, Inc. et al.* This appeal was originally captioned in the same manner as the civil proceedings in the trial court. Rule 5(f) of the Virgin Islands Supreme Court Rules provides that the case caption should list the appellants and appellees with a reference to the parties' titles in the lower court action. Inasmuch as it is clear that the appellants and appellees are not identical to the plaintiffs and defendants below, respectively, the caption has been corrected to identify the proper appellants and appellees. The Clerk of the Court is directed to amend the caption in the manner set forth above.

JOEL H. HOLT, ESQ., St. Croix, USVI, *Attorney for Appellants.*

DEREK M. HODGE, ESQ., Mackay & Hodge, LLC, PAUL M. PLATTE, ESQ., St. Thomas, USVI, *Attorneys for Appellees.*

CABRET, *Associate Justice*; SWAN, *Associate Justice*; and HODGE, *Justice Pro Tem.*

## MEMORANDUM OPINION

### (August 29, 2007)

The board of directors of Bluebeard's Castle Villas III Condominium Association ("Villas III") sued the condominium developers, Equivest St. Thomas, Inc. ("Equivest") and other defendants, alleging, *inter alia,* that the defendants misappropriated condominium assessments and failed to adequately maintain the condominium. (Joint Appendix "J.A." at 640-682.) The complaint seeks damages for alleged violations of the Virgin

Islands Criminally Influenced and Corrupt Organizations Act,[2] fraud, conversion, breach of fiduciary duty, breach of contract and the imposition of equitable liens and a constructive trust on insurance proceeds. (J.A. at 655-678.) Two directors on the Villas III board, Mark Farrell and John Enrietto, appellants herein, were appointed to serve on the board by Equivest pursuant to powers of appointment Equivest retained under the condominium bylaws. (J.A. at 32.) The remaining directors,[3] Richard Scott and Julius Van De Voorde, appellees herein,[4] moved the trial court to disqualify Farrell and Enrietto from participating in litigation-related decisions by the board because they have a conflict of interest in controlling the litigation against Equivest. Appellees argued that, because Equivest appointed Farrell and Enrietto, those two board members essentially served at the pleasure of Equivest and were, therefore, conflicted in making litigation decisions hostile to Equivest. (J.A. at 120-127.) The trial court granted the motion on February 27, 2007. (J.A. at 29.) On March 8, 2007, Farrell and Enrietto moved for reconsideration of the court's order. (J.A. at 298-304.) The trial court denied the motion for reconsideration by order entered on April 17, 2007. (J.A. at 36-44.) Farrell and Enrietto filed a notice of appeal on April 18, 2007. (J.A. at 1-3.)

Two motions are pending before this Court. First, Appellants filed a Motion to Expedite Appeal and/or Stay the Proceedings Below. In support of their motion, Appellants argue that appellate consideration of whether they can participate in litigation decisions must be expedited or the trial court's decision should be stayed until the appeal is decided because litigation in the trial court is continuing while this appeal is pending. In the second motion, Appellees have moved to dismiss the appeal on the ground that this Court lacks jurisdiction to consider the trial court's order disqualifying Farrell and Enrietto from participating in board decisions

---

[2] The Virgin Islands Criminally Influenced and Corrupt Organizations Act is codified at V.I. CODE ANN. tit. 14, §§ 600-614.

[3] On June 3, 2005, the trial court disqualified three other board members from participating in litigation decisions because they were employees of Equivest and, therefore, had a conflict of interest. That decision is on appeal to the Appellate Division of the District Court of the Virgin Islands, which, prior to the creation of the Supreme Court of the Virgin Islands, had jurisdiction over appeals from the Superior Court of the Virgin Islands.

[4] The law firm of Rogers Townsend & Thomas, P.C., is also designated by Appellees as a party to this appeal, though it is unclear why the law firm is a party.

concerning the litigation. In support of their motion, Appellees assert that the order at issue is interlocutory and that an immediate appeal is not available to challenge the order. Appellees further argue that the appeal should be dismissed because the notice of appeal was not timely filed.

In response to the Motion to Dismiss the Appeal, Appellants assert that we have jurisdiction to consider the matter because: (1) the trial court's order is a directly appealable interlocutory order imposing an injunction; (2) the trial court's order is subject to immediate appeal under the collateral order doctrine; and (3) the notice of appeal was timely to appeal the trial court's order denying the motion for reconsideration. For the reasons which follow, we will grant Appellees' Motion to Dismiss the Appeal for lack of jurisdiction.

## I. The Final Judgment Rule.

■ Our jurisdictional analysis begins with the general rule that the Supreme Court has jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a). This finality requirement, commonly referred to as the final judgment rule, means that "'a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429-430, 105 S. Ct. 2757, 2760, 86 L. Ed. 2d 340 (1985) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 673, 66 L. Ed. 2d 571 (1981)). The final judgment rule promotes efficient judicial administration and emphasizes the deference appellate courts owe to trial court decisions on the many questions of law and fact that arise before judgment. 472 U.S. at 430, 105 S. Ct. at 2760. Another purpose of the rule is to "avoid the delay that inherently accompanies time-consuming interlocutory appeals." 472 U.S. at 434, 105 S. Ct. at 2762. "Immediate review of every trial court ruling, while permitting more prompt correction of erroneous decisions, would impose unreasonable disruption, delay, and expense. It would also undermine the ability of [trial court] judges to supervise litigation." 472 U.S. at 430, 105 S. Ct. at 2760. The rule, therefore, is intended to delay immediate review of many interlocutory trial court decisions and avoid "'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" 472 U.S. at 430, 105 S. Ct. at 2761 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265, 102 S. Ct 3081, 3082, 73 L. Ed. 2d 754 (1982)).

In the instant case, it is clear that the order disqualifying Appellants from participating in litigation decisions is not a final judgment on the merits which would be directly appealable under 4 V.I.C. § 32. There are, however, exceptions to the final judgment rule that allow immediate review of certain types of interlocutory orders. In determining whether any of these exceptions apply in this case, we remain vigilant of the above-stated principles underlying the finality requirement.

## II. The Interlocutory Order Exception to the Final Judgment Rule.

■ One exception to the final judgment rule vests the Court with appellate jurisdiction to review "[i]nterlocutory orders of the Superior Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." 4 V.I.C. § 33(b)(1). Appellants rely on this exception in characterizing the trial court's order as granting an injunction. The trial court's order provides in relevant part: "Mark Farrell and John Enrietto, having a conflict of interest in the instant litigation, are prohibited from participating in any decision by Villas III Board of Directors and the Villas III Association with respect to this litigation . . . ." (J.A. at 35.) Appellees make light of the fact that, in moving to disqualify Farrell and Enrietto from participating in litigation decisions, they did not request an injunction under Federal Rule of Civil Procedure 65 governing injunctions, nor did the trial court reference the rule in its order. This Court, however, is not constrained by the trial court's characterization of the order. "Rather, our crucial inquiry is as to the practical effect of the order." *Santana Prods. v. Compression Polymers*, 8 F.3d 152, 154 (3d Cir. 1993) (decided under analogous federal statute, 28 U.S.C. § 1292(a)(1), allowing interlocutory appeals of injunctive orders) (citing *New Jersey State Nurses Ass'n. v. Treacy*, 834 F.2d 67, 69 (3d Cir. 1987)).

■ The Third Circuit has developed a three-part test to determine whether an interlocutory order is injunctive and, therefore, subject to immediate appeal. The order must be (1) directed to a party; (2) enforceable by contempt; and (3) "'designed to accord or protect 'some or all of the substantive relief sought by a complaint' in more than a temporary fashion.'" *Id.* (quoting *Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry*, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989)); *see also In re Pressman-Gutman*, 459 F.3d 383, 392 (3d Cir. 2006); 16 CHARLES A.

316

WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3922, at 29 (1977). The Third Circuit has held that the provision for interlocutory review of injunctive orders "'should be construed narrowly so as not to swallow the final-judgment rule.'" *Pressman-Gutman*, 459 F.3d at 392 (quoting *Hershey Foods Corp. v. Hershey Creamery Co.*, 945 F.2d 1272, 1276 (3d Cir. 1991)).

 In this case, we find no merit in Appellants' assertion that the trial court's order meets all three criteria. First, the order is not directed at parties to the action. Without belaboring the point, Farrell and Enrietto are not parties. Thus, the order is not an injunction because it fails to meet the first criteria. Furthermore, Farrell and Enrietto make no cogent argument that their disqualification from participating in litigation decisions somehow accords or protects any of the substantive relief sought by the complaint. Instead, they focus on the defendants' disqualification motion and the trial court's order and argue that, because the trial court granted all the relief requested by the motion by disqualifying Farrell and Enrietto from participating in litigation decisions, and because the order is enforceable by contempt, the second and third criteria are met. But again, to be considered an injunction for the purposes of 4 V.I.C. § 33(b)(1), the trial court's order must adjudicate some of the relief sought in the *complaint*. Inasmuch as the plaintiffs' complaint did not even remotely seek to disqualify Farrell and Enrietto from participating in litigation decisions, the third criteria has not been met, and the trial court's order cannot be construed as an injunction under 4 V.I.C. § 33(b)(1).

 We believe the order at issue is more appropriately characterized as a "restraint[ ] or direction[ ] concerning the conduct of parties or their counsel, unrelated to the substantive relief sought." *Pressman-Gutman*, 459 F.3d at 393 (internal quotations and citations omitted). Whether the order has the practical effect of enjoining appellants from participating in litigation decisions, an order by a trial court "'that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1).'" *U.S. v. Brown*, 218 F.3d 415, 422, n.7 (5th Cir. 2000) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279, 108 S. Ct. 1133, 1138, 99 L. Ed. 2d 296 (1988)); *see also Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25, 87 S. Ct. 193, 195, 17 L. Ed. 2d 23 (1966) ("Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not in our view

'interlocutory' within the meaning of [§] 1292(a)(1). We see no other way to protect the integrity of the congressional policy against piecemeal appeals."). Such orders, even when cast in injunctive terms, are crafted to control the proceedings, and as case management orders, are not directly appealable under 4 V.I.C. § 33(b)(1) or its federal counterpart 28 U.S.C. § 1292(a)(1).[5] *See Brown*, 218 F.3d at 422, n.7; *Petroleos Mexicanos Refinacion v. M/T King A*, 377 F.3d 329, 338 (3d Cir. 2004) (court orders relating only to the conduct or progress of litigation are not injunctions); *Hershey Foods*, 945 F.2d at 1278 ("'We think it better . . . to continue to read § 1292(a)(1) as relating to injunctions which give or aid in giving some or all of the substantive relief sought by the complaint . . . and not as including restraints or directions in orders concerning the conduct of parties or their counsel, unrelated to the substantive issues in the action, while awaiting trial.'") (quoting *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 406 (2d Cir. 1963)); *see also N.Y. v. U.S. Metals Ref. Co.*, 771 F.2d 796, 801 (3d Cir. 1985) (same).

In the instant case, the order plainly relates only to the conduct or progress of the litigation. Again, the court's order merely prohibits Farrell and Enrietto from participating in litigation decisions by the board. This directive, even though cast in injunctive terms, is totally unrelated to any substantive relief sought in the complaint. This Court does not believe the Legislature intended such an order to be immediately appealable under 4 V.I.C. § 33(b)(1). Rather, in light of the rationale and strong policy considerations underlying the final judgment rule, as embodied in the Virgin Islands under 4 V.I.C. § 32, we will restrict application of 4 V.I.C. § 33(b)(1) to that narrow class of cases that squarely meet the three-part test developed by the Third Circuit in *Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry*, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989). And, we will apply the test criteria in a manner that does not violate the strong legislative policy against piecemeal appeals. Inasmuch as the order at issue in this case does not meet the criteria developed by the Third Circuit in *Cohen*,

---

[5] 28 U.S.C. § 1292(a)(1) provides in pertinent part: "the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ."

it is not an injunction qualified for immediate review under 4 V.I.C. § 33(b)(1).

## III. The Collateral Order Exception to the Final Judgment Rule.

██ ██ Another exception to the final judgment rule relied on by Appellants is the collateral order doctrine, enunciated by the United States Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949). Under the collateral order doctrine, the Supreme Court "recognized an exception to the final judgment rule for a 'small class' of prejudgment orders which 'finally determine claims of right separable from, and collateral to, rights asserted in the action, [and are] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Richardson-Merrell*, 472 U.S. at 430, 105 S. Ct. at 2761 (quoting *Cohen*, 337 U.S. at 546, 69 S. Ct. at 1225). Like the rule allowing for immediate appeal of interlocutory injunctive orders, the collateral order doctrine is a "'narrow exception'" to the final judgment rule. *Richardson-Merrell*, 472 U.S. at 430, 105 S. Ct. at 2761 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 673, 66 L. Ed. 2d 571 (1981)). "To fall within the exception, an order must at a minimum satisfy three conditions . . . ." *Richardson-Merrell*, 472 U.S. at 431, 105 S. Ct. at 2761. First, it "'must conclusively determine the disputed question'"; second, it must "'resolve an important issue completely separate from the merits of the action'"; and third, it must "'be effectively unreviewable on appeal from a final judgment.'" *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458, 57 L. Ed. 2d 351 (1978)). These three conditions are to be stringently applied in light of the Supreme Court's repeated admonitions emphasizing the doctrine's "'modest scope.'" *Pressman-Gutman*, 459 F.3d at 396 (quoting *Will v. Hallock*, 546 U.S. 345, 126 S. Ct. 952, 957, 163 L. Ed. 2d 836 (2006)); *see also Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S. Ct. 1992, 1996, 128 L. Ed. 2d 842 (1994) ("[W]e have . . . repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule . . . that a party is entitled to a single appeal, to be deferred until final judgment has been entered[.]") (internal citation omitted). Furthermore, a failure to meet even one of the three factors renders the doctrine inapplicable as a basis for appeal, no matter how compelling the other

factors may be. *Virgin Islands v. Hodge*, 359 F.3d 312, 320, 45 V.I. 738 (3d Cir. 2004).

 In this case, the order disqualifying Farrell and Enrietto from participating in litigation decisions can be effectively reviewed on appeal from a final judgment. The United States Supreme Court has ruled that an order disqualifying conflicted counsel is not appealable under the collateral order doctrine, because among other reasons, such orders can be effectively reviewed on appeal. *Richardson-Merrell*, 472 U.S. at 438, 105 S. Ct. at 2764-2765. We believe that the order at issue in this case is similar to an order disqualifying counsel due to a conflict of interest, and Appellants have advanced no argument to the contrary. *See Pressman-Gutman*, 459 F.3d at 397.

Moreover, the Third Circuit has ruled that a district court's interlocutory order disqualifying pension plan administrators from making litigation decisions due to a conflict of interest, and appointing a substitute plan administrator, is not immediately appealable under the collateral order doctrine. *Pressman-Gutman*, 459 F.3d at 397. We can discern no practical difference between the order at issue here and the one under review in *Pressman-Gutman*. Both disqualification orders were directed at individuals who were responsible for administering the affairs of the plaintiff entity. *See id.* at 388. But, due to a conflict of interest arising out of the litigation, the administrators in both cases were disqualified by the trial courts from making decisions related to the litigation. *See id.* at 389-390. In both cases, the aggrieved party sought to protect the right to make litigation decisions by appealing the trial court's decision. *See id.* at 389. In *Pressman-Gutman*, the court concluded that the plaintiff would "be able to appeal should it suffer an unsatisfactory judgment with a substitute Plan representative." *Id.* at 397. Likewise, in our case the defendants will be able to appeal should they suffer an unsatisfactory judgment with the reconstituted board controlling the litigation. As in *Pressman-Gutman*, the aggrieved parties in our case will not irretrievably lose a protected right by delaying appeal of the trial court's decision until after final judgment. *See id.* (comparing *In re Ford Motor Co.*, 110 F.3d 954, 963 (1997), permitting immediate appeal from an order allowing discovery of documents claimed to be protected by the attorney-client privilege because a delay in allowing the appeal would have permitted the very disclosure that the appellant claimed applicable rules precluded).

Because the appellants in this case will have an opportunity to appeal the trial court's decision upon final disposition of the litigation, the order at issue does not fall within the collateral order exception to the final judgment rule. The right of Farrell and Enrietto to participate in litigation decisions will not be irretrievably lost by delaying review until after final judgment. If, upon final review, it is determined that the trial court erred in disqualifying the appellants from participating in litigation decisions and that a new trial is merited, the rights appellants seek to preserve in this appeal may be appropriately restored. Accordingly, the order at issue, like the one in *Pressman-Gutman,* does not fit within the modest scope of the collateral order doctrine, and this Court does not have jurisdiction over the appeal by virtue of the doctrine.

Finally, inasmuch as we have concluded that we do not have jurisdiction to review the trial court's order, it is unnecessary to reach the assertions by Villas III that the appeal should be dismissed because the notice of appeal was untimely filed. For the same reason, we will deny Appellants' Motion to Expedite Appeal and/or Stay the Proceedings Below.

## IV. Conclusion.

Because the order appealed from is not a final judgment subject to review under 4 V.I.C. § 32, and does not qualify as an exception to the final judgment rule, this Court does not have jurisdiction to hear the appeal. The order cannot be characterized as an interlocutory order granting injunctive relief subject to immediate review under 4 V.IC. § 33(b)(1), and does not qualify for immediate review under the collateral order doctrine recognized by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S. Ct. 1221, 1225, 93 L. Ed. 1528 (1949). For these reasons, we will dismiss the appeal for want of jurisdiction.