**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3343

_____

HELENA DUPONT WRIGHT; JAMES MILLS;
JOSEPH WRIGHT; T. KIMBERLY WILLIAMS

v.

ELTON CORPORATION; GREGORY FIELDS;
FIRST REPUBLIC TRUST COMPANY OF DELAWARE LLC;
M.C. DUPONT CLARK EMPLOYEES PENSION TRUST


FIRST REPUBLIC TRUST COMPANY OF DELAWARE, LLC;
M.C. DUPONT CLARK EMPLOYEES PENSION TRUST

v.

JAMES B. WYETH, Solely as Executor and Personal Representative
of the Estate of Phyllis M. Wyeth; MARY MILLS ABEL SMITH;
CHRISTOPHER T. DUPONT; MICHAEL DUPONT; KATHERINE D. GAHAGAN


First Republic Trust Company of Delaware, LLC,
Appellant

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:17-cv-00286)
District Judge:  Hon. Joseph F. Bataillon

_____

Submitted Under Third Circuit L.A.R. 34.1(a)

December 6, 2021

_____

Before: SHWARTZ, PORTER, and FISHER, <u>Circuit Judges</u>.

(Filed: December 7, 2021)

_____

OPINION[*]

_____

SHWARTZ, <u>Circuit Judge</u>.

First Republic Trust Company of Delaware, LLC (the "Trustee") appeals an order denying a motion to clarify a ruling that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., governs the Mary Chichester duPont Clark Employee Pension Trust (the "Trust"). Because we do not have jurisdiction, we will dismiss this interlocutory appeal.

I

The Trust was created to provide retirement benefits to household employees of the duPont family, including those working for Plaintiffs Helena duPont Wright and James Mills, the grandchildren of the Trust's Settlor. Plaintiffs sued the Trustee and other Trust administrators (collectively "Defendants") alleging, among other things, that Defendants improperly operated the Trust and mishandled the Trust's assets in violation of ERISA, 29 U.S.C. § 1132(a)(3). The District Court bifurcated the case to determine

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

first whether ERISA governed the Trust, then, if so, whether ERISA violations occurred. The parties filed cross-motions for summary judgment on the first issue and the Court held that ERISA governed the Trust because, inter alia, "there is a documented history of a multi-decade effort to provide pension benefits to the family's long-term domestic employees." Wright v. Elton Corp. ("ERISA Order"), No. 17-CV-286, 2019 WL 2344039, at *6 (D. Del. June 3, 2019).[1]

The Trustee moved for clarification of the ERISA Order as to "whether the [o]rder requires [the Trustee] to currently operate and manage the Trust in accordance with the requirements of ERISA." App. 406. The District Court denied the motion, explaining that the Trustee was "basically asking the Court to re-visit its previous rulings" and seemingly "attempting to abdicate any responsibility to operate the [T]rust in compliance with the law." Wright v. Elton Corp. ("Clarification Order"), No. 17-CV-286, 2020 WL 7051549, at *1 (D. Del. Oct. 27, 2020).

The Trustee appeals the Clarification Order.

---

[1] Defendants also moved for entry of judgment under Federal Rule of Civil Procedure 54(b) and certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The District Court denied the motion, partially because "if [the ERISA Order] goes to the Third Circuit and the court agrees with this Court's determination . . ., the Third Circuit would likely have to hear and decide this case more than once, since multiple remaining issues will need to be determined." Wright v. Elton Corp., No. 17-CV-286, 2019 WL 7293694, at *4 (D. Del. Dec. 27, 2019).

## II[2]

The Trustee, Wright, and Mills assert that we have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) because the Clarification Order grants an injunction that requires the Trustee to administer the Trust in compliance with ERISA. We disagree.

Section 1292(a)(1) provides, in relevant part, that "courts of appeals shall have jurisdiction of appeals" from "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). An order grants an injunction when it is (1) "directed to a party," (2) "enforceable by contempt," and (3) "designed to accord or protect some or all of the substantive relief sought by a complaint in more than a temporary fashion." Saudi Basic Indus. Corp. v. Exxon Corp., 364 F.3d 106, 110 (3d Cir. 2004) (quotation marks omitted) (quoting Cohen v. Bd. of Trs. of the Univ. of Med. & Dentistry of New Jersey, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989) (en banc)). Importantly, such an order must direct a party to engage or not engage in specific conduct. See New Jersey State Nurses Ass'n v. Treacy, 834 F.2d 67, 70 (3d Cir. 1987) ("The [interlocutory] order does not contain the specificity one would expect in a final injunction and, on this record, we will not construe it as such."); see also Hoots

---

[2] The District Court had jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

v. Pennsylvania, 587 F.2d 1340, 1350 (3d Cir. 1978) (holding no appellate jurisdiction when "[t]he guidelines supplied [in the interlocutory order] were mere generalities" and the interlocutory order "did not determine the nature, requirements, scope or extent of [] relief"); Frederick L. v. Thomas, 557 F.2d 373, 380-81 (3d Cir. 1977) (explaining that an interlocutory order containing "specific prohibited acts" warranted § 1292 appellate jurisdiction but an interlocutory order containing "only a skeletal outline for later adjudication" did not); cf. Schmidt v. Lessard, 414 U.S. 473, 476 (1974) (explaining that injunctions must be specific "to avoid the possible founding of a contempt citation on a decree [that is] too vague").[3]

The Clarification Order does not satisfy these elements. The Trustee concedes that the Clarification Order "does not instruct [the Trustee] regarding what it specifically is supposed to do."[4] Trustee Jurisdiction Br. at 5. The order only addresses what the

---

[3] Because the parties argue that the Clarification Order grants (as opposed to denies) an injunction, an "irreparable consequences" inquiry is unnecessary. See Saudi Basic, 364 F.3d at 111 ("[W]e have since recognized that . . . the showing of a 'serious, perhaps irreparable consequence' [is required] in the context of determining the appealability of an order denying injunctive relief[,] [but] [w]e have consistently refused to require such a showing of an enjoined party appealing an order granting an injunction." (emphasis and citations omitted)).

[4] The parties rely on Saudi Basic, Harris, and Cohen to argue we have jurisdiction, but those cases involved interlocutory orders that directed a party to take specific actions. See Saudi Basic, 364 F.3d at 107, 110 (exercising § 1292 appellate jurisdiction over an order requiring that a party "fully comply with the terms of the [parties' prior] Stipulation, [the terms of] which [we]re incorporated [] by reference," including the requirement that the plaintiff halt using a specific manufacturing process "until ownership rights to the[] [process] [were] established"); Harris v. City of Philadelphia, 47 F.3d 1333, 1336-37 (3d Cir. 1995) (same, over an order requiring that the defendant

5

Court is not going to do.  Indeed, the opinion denying clarification simply makes clear that the District Court was declining "to re-visit its previous rulings."  Clarification Order, 2020 WL 7051549, at *1.  The Court's comment that the Trustee appears to be "attempting to abdicate any responsibility to operate the trust in compliance with the law" is hardly a call to action.  Id.  Thus, the Clarification Order (1) does not direct the Trustee (or any party) to take any specific action, (2) cannot be enforced by contempt, and (3) accords no substantive relief sought in the operative complaint.  Hence, it does not constitute an injunction.  See McNasby v. Crown Cork & Seal Co., 832 F.2d 47, 50 (3d Cir. 1987) (holding a lack of appellate jurisdiction over a "district court's [interlocutory] order [that] merely adopted the findings and conclusions previously entered").

Nor does the Clarification Order modify an injunction.  "For an interlocutory order to be appealable under § 1292(a)(1) as an order modifying an injunction," (1) "the original or prior order must have been injunctive in character," and (2) "that injunction must have been modified in some respect by the order from which the appeal has been taken."  Hoots, 587 F.2d at 1348.  Thus, we must determine whether the ERISA Order was an injunction, and, if so, whether the Clarification Order modified that injunction.

The ERISA Order was not an injunction.  The cross-motions for summary

_____

make available "250 treatment beds . . . and [fill its] facility [] to at least 90% (225 residents) of capacity by July 15, 1991"); Cohen, 867 F.2d at 1468 (same, over an order "ordering the [defendant] University to restore [the plaintiff] to her [employment] position, and to retain her until such time as she is removed for cause").

6

judgment sought a determination regarding whether ERISA governed the Trust. The District Court's order granted Plaintiffs' motion for summary judgment and denied Defendants' cross-motion for summary judgment, holding only that "the Trust at issue [i]s an ERISA plan and is covered by ERISA." ERISA Order, 2019 WL 2344039, at *6. The parties sought only a decree concerning the governing law and an order setting forth such a general decree stating what law applies is not an injunction. See Hoots, 587 F.2d at 1351 (explaining that a "step in a judicial proceeding leading to the formulation of [] relief" is not an injunction). Moreover, the summary judgment motions did not seek an injunction, and the resulting order does not direct the Trustee (or any party) to take any specific action or provide any specific remedy. While the order may afford some relief sought in the operative complaint, namely a declaratory judgment that ERISA governs the Trust, the order does not resolve the complaint's other substantive claims.

Furthermore, the District Court has not yet decided whether Defendants violated ERISA. See Taylor v. Bd. of Ed. of City Sch. Dist. of New Rochelle, 288 F.2d 600, 604 (2d Cir. 1961) ("If the District Judge had said in his opinion only that a further hearing would be held at which the parties would have an opportunity to express themselves as to relief, by testimony, argument, or both, it would be entirely plain that he had not granted a[n] [] injunction . . . .") Although failure to comply with ERISA could subject Defendants to liability, liability is not the same as contempt. See Santana Prod., Inc. v. Compression Polymers, Inc., 8 F.3d 152, 154 (3d Cir. 1993) (recognizing that a party

7

"may be liable in damages" for continuing conduct "during the course of the litigation without risk of being held in contempt"). Thus, the ERISA Order was not an injunction.

Even if the ERISA Order was an injunction, the Clarification Order does not modify it. As we previously explained, the Clarification Order declined to make any changes to the ERISA Order. Because the Clarification Order does not modify the ERISA Order, § 1292's modification language would not apply. See New Jersey State Nurses Ass'n, 834 F.2d at 70 (lacking appellate jurisdiction over an interlocutory order that "did [not] grant any additional relief beyond that granted in [the original injunction]").

III

For the foregoing reasons, we will dismiss this appeal of the District Court's Clarification Order.[5]

---

[5] We will also dismiss as moot the motion to strike Third-Party Defendant Appellees' brief.