SANTANA PRODUCTS, INC.

v.

COMPRESSION POLYMERS, INC.; Sanatec Industries, Inc.; Delbert P. Keisling, Jr.; Alan P. Keisling, Appellants.

No. 93–7099.

United States Court of Appeals,
Third Circuit.

Argued Sept. 15, 1993.

Oct. 29, 1993.

James J. Kutz (argued), Mark D. Bradshaw, Eckert Seamans Cherin & Mellott, Harrisburg, PA, Richard V. Westerhoff, Eckert Seamans Cherin & Mellott, Pittsburgh, PA, for appellants.

William E. Jackson (argued), B. Aaron Schulman, Larson & Taylor, Arlington, VA, Gerald J. Butler, Solfanelli, Butler & LaBelle, Scranton, PA, for appellees.

Before: MANSMANN, GREENBERG, and WEIS, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

### I.

### FACTUAL AND PROCEDURAL HISTORY

This appeal raises a jurisdictional issue which seems not to have been addressed by any court of appeals in a reported opinion. The issue is whether an interlocutory district court order directing the Commissioner of Patents and Trademarks to cancel a trademark registration, in an action in which the Commissioner is not a party, is an injunction within 28 U.S.C. § 1292(a)(1) and therefore immediately appealable. We conclude that it is not an injunction, and thus we will dismiss this appeal as it has been taken from such an order. In view of this disposition, we need only summarize the background of the case.

The plaintiff-appellee, Santana Products, Inc., manufactures restroom partitions, which it markets under the name "Santana." Though Santana Products claims to have used the "Santana" mark on partitions since 1979 and has registered its mark with the Department of State of the Commonwealth of Pennsylvania, it has not registered the mark with the United States Patent and Trademark Office. The defendant-appellant, Compression Polymers, Inc., also makes restroom partitions and, in keeping with its practice of naming products with the ending "tec," has marketed its restroom partitions under the name "Sanatec." Compression Polymers registered this name on August 14, 1990, with the United States Patent and Trademark Office for use with "Polyethylene Toilet and Urinal Partitions." In its federal application, Compression Polymers indicated that it first used this mark around October 27, 1989.

On February 1, 1991, Santana Products brought this action against Compression Polymers.[1] In an amended complaint, Santana Products sought relief in five counts: (I) unfair competition under section 43(a) of the

Federal Trademark Act, 15 U.S.C. § 1125(a); (II) infringement of a state registered mark (state law claim); (III) infringement of a mark and a trade name valid at common law (state law claim); (IV) dilution (state law claim); and (V) cancellation of Compression Polymers' federal registration pursuant to 15 U.S.C. § 1119. Santana Products subsequently filed a motion for partial summary judgment on Count V, the claim for cancellation. The district court referred Santana Products' motion to a magistrate judge, who issued a report recommending that the motion be denied.

Santana Products filed objections to the report. On February 2, 1993, the district court issued its opinion disagreeing with the magistrate judge on the cancellation issue. Accordingly, the district court ordered the Commissioner of Patents and Trademarks to cancel Compression Polymers' registration. This order, however, did not terminate the action, as the other counts of the complaint are still pending and Compression Polymers has filed a counterclaim, which also is pending.

### II.

### DISCUSSION

The parties correctly agree that we do not have jurisdiction pursuant to 28 U.S.C. § 1291 as a final judgment has not been entered in the district court. Compression Polymers argues, however, that we have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) because the district court's order directing the Commissioner of Patents and Trademarks to cancel its federal registration is injunctive in nature.

■ The order of February 2, 1993, from which the appeal has been taken, recites in material part:

the motion of [Santana Products] for partial summary judgment as to Count V of the amended complaint is granted, and the Commissioner of Patents and Trademarks

---

1. There are three other defendants, Sanatec Industries, Inc., which is a corporation related to Compression Polymers, and two of their corporate officers. We have no need to mention them

further in our opinion as Compression Polymers registered the trademark with the Patent and Trademark office.

is directed to cancel the defendants U.S. Trademark Registration No. 1,609,803 to the extent that it is related to restroom partitions.... .

While the order does not state expressly that the court is entering an injunction, this omission does not in itself compel us to conclude that it is not an injunction, as "we are not constrained by the district court's characterization of its order." *See Bailey v. Systems Innovation, Inc.*, 852 F.2d 93, 96 (3d Cir. 1988). Rather, our crucial inquiry is as to the practical effect of the order. *See New Jersey State Nurses Ass'n v. Treacy*, 834 F.2d 67, 69 (3d Cir.1987) ("certain orders not explicitly styled as injunctions may have injunctive effect").

We quite naturally refer to our in banc opinion in *Cohen v. Board of Trustees of University of Medicine & Dentistry*, 867 F.2d 1455 (3d Cir.1989), for guidance in determining whether an order may be considered injunctive within 28 U.S.C. § 1292(a)(1). In *Cohen* we recognized that not all orders which grant a party relief and which may be enforced by civil contempt are injunctive. For example, an order compelling discovery is not injunctive, even though it might be enforced by contempt. Rather, we stated that to be injunctive for purposes of section 1292, the order must grant or deny a party the ultimate relief sought by it. *Id.* at 1464. But we acknowledged that this factor alone is too broad a basis on which to determine that the court has issued an injunction, for it could describe an order in an action at law. Thus, we stated:

> The chief distinction between actions at law and actions in equity seeking injunctive relief, thus lies in the mode of execution. Equity acts on the person, who can be held in contempt for noncompliance.

*Id.* at 1465.

Therefore, an injunctive order for purposes of section 1292(a)(1) "must not only adjudicate some of the relief sought in the complaint; it must also be of such a nature that if it grants relief it could be enforced

pendente lite by contempt if necessary." *Id.* (citing 16 Charles A. Wright et al., *Federal Practice & Procedure* § 3922, at 29 (1977)). Accordingly, we developed a three-part test for determining when an order is injunctive:

> Thus far, injunctions have been defined negatively by delineating orders that are not injunctive. For purposes of 28 U.S.C. § 1292(a)(1), injunctions may be affirmatively defined as follows:
>
>> Orders that are directed to a party, enforceable by contempt, *and* designed to accord or protect 'some or all of the substantive relief sought by a complaint' in more than a [temporary] fashion.

*Id.* at 1465 n. 9 (emphasis added) (quoting 16 *Federal Practice & Procedure* § 3922, at 29).

The district court's order only satisfies the last of these requirements. Significantly, the district court's order is not directed to Compression Polymers, but rather to the Commissioner of Patents and Trademarks. Thus, in some ways, it is analogous to the traditional security devices such as attachment and replevin. *See* 16 *Federal Practice & Procedure* § 3922, at 43 ("Enforcement of the traditional security devices of attachment and replevin is ordinarily thought not to involve an injunction within the meaning of the statute."). Moreover, and probably more importantly, the order is not enforceable by contempt against Compression Polymers. Rather, as we discuss below, Compression Polymers can continue to use the disputed trademark during the course of the litigation without risk of being held in contempt, though it may be liable in damages for that use. Accordingly, the district court's order is not injunctive in nature, and we lack jurisdiction.

Compression Polymers controverts this conclusion, contending that inasmuch as the order is immediately enforceable[2] and negatively affects its rights, the order is injunctive. However, these circumstances in themselves do not mean that the order is an injunction. Under *Cohen*, the critical inquiry is whether the relief granted by the order

---

2. Santana Products disputes that the order is designed to take effect immediately because the district court has not yet certified the order to the Commissioner of Patents and Trademarks as provided in 15 U.S.C. § 1119. We do not address this contention because, even assuming that Santana Products is wrong on this point, the order nevertheless is not injunctive.

can be enforced pendente lite through contempt. *Cohen,* 867 F.2d at 1465.

In fact, the order does not compel Compression Polymers to take any action nor does the order restrain it from doing anything. Thus, Compression Polymers cannot be held in contempt for failing to comply with the order because the order contains no provisions with which it must comply. The order is thus somewhat similar to that of the district court in *American Motorists Ins. Co. v. Levolor Lorentzen, Inc.,* 879 F.2d 1165, 1172–73 (3d Cir.1989), which we declined to treat as an injunction under 28 U.S.C. § 1292(a)(1). In *American Motorists* we held that a district court order "effectively" defining an insurance company's duty to defend a claim was not appealable inasmuch as it "did not order the company to undertake [anything]" and thus could not be enforced pendente lite by contempt. 879 F.2d at 1172–73. In fact, Compression Polymers' claim for jurisdiction under 28 U.S.C. § 1292(a)(1) is even weaker than the basis for jurisdiction to appeal predicated on the entry of an injunctive order considered in *American Motorists.* After all, the district court did not even suggest that Compression Polymers could not continue to use the mark. Therefore the court, unlike the district court in *American Motorists,* did not define the appellant's, *i.e.,* Compression Polymers' duties.

While we could rest our conclusion on the foregoing reasoning, it is appropriate to observe that a party's right to use a trademark is not dependent on its registration. Thus, in *In re McGinley,* 660 F.2d 481, 484 (C.C.P.A.1981), the Court of Customs and Patent Appeals stated that the Patent and Trademark Office's refusal to register a person's trademark "does not affect his right to use it." In *Volkswagenwerk Aktiengesellschaft v. Wheeler,* 814 F.2d 812 (1st Cir.1987), the Court of Appeals for the First Circuit, after citing *McGinley,* stated, "as this court has held, the cancellation of a trademark registration does not extinguish common law rights the registration did not create." *Id.* at

819. It therefore follows that inasmuch as the right to use the mark arises from prior use, and not from federal registration, Compression Polymers will not lose its right to use the mark simply because of the cancellation of its registration. Indeed, Santana Products acknowledges in its letter addressing our jurisdiction that Compression Polymers "has not been ordered to do anything and it is free to continue its use of the trademark 'Sanatec' until it is permanently enjoined."

Compression Polymers cites *Wrist–Rocket Mfg. Co. v. Saunders Archery Co.,* 516 F.2d 846 (8th Cir.), *cert. denied,* 423 U.S. 870, 96 S.Ct. 134, 46 L.Ed.2d 100 (1975), in support of its contention that we have jurisdiction. In *Wrist–Rocket,* a trademark infringement case with related claims, the parties appealed from the district court's order resolving liability issues on certain claims even though damages issues remained open. The court of appeals held that it did not have jurisdiction to review the district court's order with respect to these issues, but that it did have "jurisdiction, pursuant to 28 U.S.C. § 1292(a)(1), to examine the merits of that part of the order granting to the appellee a permanent injunction [against the use of the trademark] and ordering the cancellation of the appellant's registration." *Id.* at 849 (footnote omitted). Thus, *Wrist–Rocket* is distinguishable from this case, because the district court in *Wrist–Rocket* issued an injunction forbidding the use of the mark. There is no suggestion in *Wrist–Rocket* that the court would have exercised jurisdiction in the absence of the injunction, which unquestionably was appealable.[3]

In view of the aforesaid the appeal will be dismissed.

MANSMANN, Circuit Judge, dissenting.

I respectfully dissent because I disagree with the conclusion reached by the majority that the cancellation of a federally registered trademark is not immediately appealable and that we, therefore, lack jurisdiction in this case. Because I find that the district court's

---

3. Inasmuch as *Wrist–Rocket* clearly is distinguishable, we do not comment on whether we agree that an order for cancellation should be appealable when it accompanies an interlocutory injunction.

order directing the Commissioner of Patents and Trademarks to cancel Compression Polymer's federal trademark registration is injunctive in nature and in practical effect, I would conclude that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1).

Section 1292(a)(1) provides that the courts of appeals shall have jurisdiction of appeals from "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions...." Our jurisdiction pursuant to § 1292(a)(1) extends to the review of "orders that grant or deny injunctions *and orders that have the practical effect* of granting or denying injunctions and have 'serious, perhaps irreparable, consequence.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 287–88, 108 S.Ct. 1133, 1142–43, 99 L.Ed.2d 296 (1988) (emphasis added) (*citing Carson v. American Brands, Inc.,* 450 U.S. 79, 83, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981)). *See also United States v. Santtini,* 963 F.2d 585, 590 (3d Cir.1992). To fall within the scope of 1292(a)(1) and be deemed an "injunction", the order must be directed to a party, enforceable by contempt and designed to accord or protect some or all of the substantive relief sought by a complaint. *Id.* at 591. As we concluded in *Cohen v. Board of Trustees,* 867 F.2d 1455 (3d Cir.1989) (en banc), the "label" put on the order by the district court does not prevent us from treating it as an injunction for purposes of 1292(a)(1). *Id.* at 1466 (citations omitted.)

Thus, as the majority observes, the fact that the district court's order here does not expressly state that the court is entering an injunction does not compel the conclusion that the order is not an injunction, as "we are not constrained by the district court's characterization of its order," *Bailey v. Systems Innovation, Inc.,* 852 F.2d 93, 96 (3d Cir. 1988); *New Jersey State Nurses Assoc'n v. Treacy,* 834 F.2d 67 (3d Cir.1987). Rather,

our inquiry must focus on the practical effect of the district court's order.

Here, the practical effect of the district court's order directing the Commissioner of Patents and Trademarks to cancel Compression Polymer's trademark registration is the granting of an injunction to Santana Products. In addition to claims of unfair competition, infringement of state trademark (both statutory and at common law) and dilution of Santana's business reputation, Santana Product's complaint sought cancellation of Compression Polymer's federal trademark registration. Thus, the district court order grants precisely to Santana Products an important aspect of the ultimate relief it seeks.

In addition, the order is susceptible of enforcement by contempt. As the majority observes, the order is not directly enforceable by contempt *pendente lite* against Compression Polymers. It is the Commissioner of Patents and Trademarks that would be the subject of contempt for failure to comply with the district court's order. This fact, however, does not alter my view that the order is injunctive in both nature and effect.[1] Compression Polymers should not have to rely on the Commissioner's willingness to risk contempt in order for Compression Polymers to have the dissolution of its trademark right reviewed on appeal.

The majority's conclusion that the district court's order "does not compel Compression Polymers to take any action, nor does the order restrain it from doing anything" exalts form over substance and turns a blind eye to the fact that Compression Polymers is denied the use of its federally registered trademark (federal statutory trademark protection) as effectively as if it were expressly enjoined by the district court from using its federal trademark. The practical effect of the district court's cancellation order is that Compression Polymers is prohibited from representing that it enjoys the benefits and protection of federal trademark registration as

---

1. This case is distinguishable from *American Motorists Insurance Co. v. Levolor Lorentzen, Inc.,* 879 F.2d 1165, 1172–73 (3d Cir.1989) in which we found the order granting Levolor Lorentzen, Inc.'s motion for partial summary judgment with respect to the obligation [of AMICO] to provide a

defense was not appealable. In that case, the district court, while effectively defining AMICO's duty, did not order it to undertake the defense, thus the order could not be enforced *pendente lite* by contempt. In our case, there is an order that is enforceable by contempt.

surely as if an injunction had been granted to Santana Products.[2]

Santana Products sought summary judgment with respect to its claim for cancellation of Compression Polymers' mark without seeking summary judgment relating to the trademark infringement, unfair competition and dilution claims. Clearly, the district court's order requiring cancellation of Compression Polymers' mark provided significant and substantive relief to Santana Products. Indeed, because of the district court's grant of partial summary judgment in its favor, Santana Products has been able, through strategic piecemeal litigation, to achieve one of its ultimate goals in this lawsuit, that is, the prevention of Compression Polymers' use of "Sanatec" as its trademark.

In holding that the cancellation of a federally registered trademark is not immediately appealable, the majority has deprived Compression Polymers of the means for reviewing the propriety of the district court's cancellation order.[3] Without appellate review, Compression Polymers is simply not free, as Santana Products suggests, to continue its use of the trademark "Sanatec." If Compression Polymers continues to represent that it has proprietary rights in the disputed "Sanatec" mark, it does so at the risk of being held liable for damages, and possibly at the risk of receiving other sanctions as well. Cognizant that this situation leaves Compression Polymers between the proverbial "rock and a hard place", I would recognize that the district court's order has the practical effect of granting an injunction, and conclude that the cancellation order is appealable.

---

**2.** The fact that Compression Polymers may still have federal common law or state trademark protection is of no import. Compression Polymers should not be required to forego the benefits of federal trademark legislation simply because other forms of trademark protection may be available.

**3.** Had Santana Products specifically sought an injunction against Compression Polymers' use of the "Sanatec" mark, we clearly would have had jurisdiction over this dispute. *See Wrist–Rocket Mfg. Co. v. Saunders Archery Co.,* 516 F.2d 846

(8th Cir.), *cert. denied,* 423 U.S. 870, 96 S.Ct. 134, 46 L.Ed.2d 100 (1975) (appellate court had jurisdiction to review order of cancellation and injunction against use of trademark). Santana Products, however, in its motion for partial summary judgment, did not seek an injunction enjoining Compression Polymers' use of the disputed mark. Rather, Santana Products asked the court to grant equitable relief, to the same effect, by directing the Commission of Patents and Trademarks to cancel Compression Polymers trademark registration for the mark "Sanatec".