

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-1999

# Nutrasweet Co v. Vit Mar Entr Inc

Precedential or Non-Precedential:

Docket 98-5027

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Nutrasweet Co v. Vit Mar Entr Inc" (1999). *1999 Decisions.* Paper 49.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/49

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed February 25, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-5027

THE NUTRASWEET COMPANY,

v.

VIT-MAR ENTERPRISES, INC., a/k/a VITMAR; THE
SHIBA GROUP; ROMANO FASHIONS, INC.; MANOJ
PAREKH; NIMISHA PAREKH; HERSHEY'S TRUCKING &
WAREHOUSE, INC.; HARRY OBERLANDER; JOHN DOES,
X, Y, & Z, BEING ANY OTHER PERSONS OR ENTITIES
PARTICIPATING IN THE DOMESTIC IMPORT SALE OR
TRANSPORT OF THE SUBJECT SHIPMENT,

Tekstilschik, a "John Doe",

      Appellant.

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. No. 96-cv-02172)
(District Judge: Nicholas H. Politan)

ARGUED: October 30, 1998

BEFORE: SLOVITER, GARTH, and MAGILL,*
Circuit Judges

(Opinion Filed February 25, 1999)

_____

*Honorable Frank Magill, Senior United States Circuit Judge for the
Eighth Circuit Court of Appeals, sitting by designation.

Paul J. Dillon (ARGUED)
Bloom Rubenstein Karinja & Dillon,
 P.C.
70 South Orange Avenue, Suite 215
Livingston, NJ 07039
Counsel for Appellant

Rodney A. Brown (ARGUED)
Eileen Fox
Cori Sherman
Brown & Fox, P.C.
110 East 59th Street
New York, NY 10022
Counsel for Appellee

OPINION OF THE COURT

MAGILL, Senior Circuit Judge.

The NutraSweet Company (NutraSweet) obtained a preliminary injunction and writ of replevin granting NutraSweet possession of goods that were allegedly acquired by fraud. Tekstilschik (Tek), an intervenor and the purported owner of the goods, challenges both the preliminary injunction and writ of replevin. We lack jurisdiction to consider Tek's challenge to the writ of replevin and dismiss that portion of the appeal. Although we have jurisdiction to consider the validity of the preliminary injunction, we find that the issue is moot as a result of the District Court's modification of the writ of replevin. Therefore, we will reverse and remand with instructions to vacate.

I.

This is the second time these parties have appeared before this Court in this case. In deciding the previous appeal, this Court thoroughly explained the genesis of this lawsuit and the relationships and transactions between NutraSweet, Tek, and the named defendants. See NutraSweet Co. v. Vit-Mar Enters., Inc., 112 F.3d 689 (3d

2

Cir. 1997). We recite below only those facts relevant to the disposition of this appeal.

NutraSweet produces a sugar substitute called "Equal Sweetener with NutraSweet" (Equal). In 1995, Vit-Mar Enterprises (Vitmar) and The Shiba Group (Shiba) proposed to distribute Equal to the Ukraine and Russia. NutraSweet agreed and sold several containers of Equal to Vitmar and Shiba for approximately $1.5 million.

NutraSweet shipped the Equal with bills of lading that specifically restricted distribution to Russia and the Ukraine. Despite NutraSweet's attempts to restrict distribution of the Equal to Russia and the Ukraine, several containers were allegedly imported back into the United States.1 In May 1996 NutraSweet learned that U.S. Customs was prepared to release a shipment of the Equal into the U.S. market. NutraSweet filed a complaint and an Order to Show Cause in federal district court, seeking a writ of replevin and temporary restraining order (TRO). NutraSweet argued that the goods were obtained by fraud and that it was likely to succeed in recovering title to the goods. The District Court granted NutraSweet's request for a TRO and writ of replevin. After NutraSweet posted a $329,000 bond, the U.S. Marshals seized the Equal.

When Tek2 learned that the goods had been seized, it intervened in this case to challenge the TRO. Initially the District Court refused to lift the TRO. After considering Tek's appeal, we instructed the District Court to vacate the TRO as to Tek because it had the effect of a preliminary injunction but had been entered without development of a preliminary injunction record and findings of fact. See NutraSweet, 112 F.3d at 694.3 However, we left the door open for the District Court to enter a preliminary injunction after it developed a proper record and made the requisite findings of fact. See id. at 695.

_____

1. NutraSweet also alleges that several containers were diverted before leaving the United States and distributed in the domestic market.

2. Tek alleges that it acquired title to the Equal shipment at issue in this appeal through a barter transaction with another Russian entity.

3. Tek did not challenge the writ of replevin in its first appeal to this Court. See NutraSweet, 112 F.3d at 691 n.3.

3

On remand, the District Court vacated the TRO, but entertained argument concerning the propriety of a preliminary injunction. After a hearing, the District Court entered a preliminary injunction, prohibiting Tek, its agents, and those acting in concert with Tek from "taking possession, control, or custody and/or marketing, selling, or otherwise distributing the shipments of Equal." In addition to opposing the preliminary injunction, Tek sought to vacate the writ of replevin, but the District Court denied its motion. The District Court later modified the writ of replevin to allow NutraSweet to take possession of the Equal, and NutraSweet increased its bond to $658,000.

II.

Tek first argues that the District Court erred in granting the preliminary injunction. We agree.

We have appellate jurisdiction to review a district court's interlocutory order granting a preliminary injunction under 28 U.S.C. S 1292(a)(1). We review a district court's order granting a preliminary injunction for abuse of discretion, its factual findings for clear error, and its determinations of questions of law de novo. See Acierno v. New Castle County, 40 F.3d 645, 652 (3d Cir. 1994).

A preliminary injunction is an extraordinary remedy that should be granted only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998). A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate. See Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990).

We had serious concern about the District Court's finding that NutraSweet's relationships with its domestic customers and distributors would be irreparably harmed in the absence of a preliminary injunction. In the absence of irreparable injury, no preliminary injunction would lie, even if the other three elements, noted above, were found.

4

Nevertheless, whether or not there was a possibility of irreparable harm to NutraSweet at the time NutraSweet applied for a preliminary injunction, it now appears that NutraSweet can suffer no harm because, as explained above, NutraSweet has obtained possession of the Equal by the District Court's order modifying the writ of replevin. Because the writ of replevin now adequately protects NutraSweet's interest in preventing distribution of the goods in the United States during the pendency of this suit, the preliminary injunction entered by the District Court now becomes an unnecessary remedy that must be vacated. See Anderson v. Davila, 125 F.3d 148, 163 (3d Cir. 1997) ("An injunction is appropriate only where there exists a threat of irreparable harm such that legal remedies are rendered inadequate."). Thus, the question of whether a preliminary injunction was warranted by earlier circumstances is now moot and the preliminary injunction previously entered must be vacated. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950).

III.

Tek also contends that the District Court erred in issuing the writ of replevin. We decline to rule on Tek's challenge to the writ of replevin because we lack appellate jurisdiction.4

Congress has conferred jurisdiction on the courts of appeal over interlocutory orders in limited situations. See 28 U.S.C. S 1292. Section 1292(a) allows courts of appeal to hear challenges to "[i]nterlocutory orders of the district court of the United States . . . granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." 28 U.S.C. S 1292(a)(1). This Circuit has defined "injunctions" under section 1292(a)(1) as: "Orders that are directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than a [temporary] fashion." Cohen v. Board of

_____

4. Although the parties did not raise this Court's jurisdiction to consider the validity of the writ of replevin, this Court, as a court of limited jurisdiction, must sua sponte raise the issue of appellate jurisdiction. See Ortiz v. Dodge, 126 F.3d 545, 547 (3d Cir. 1997).

Trustees of the Univ. of Med. & Dentistry of N.J., 867 F.2d 1455, 1465 n.9 (3d Cir. 1989) (en banc) (alteration in original; quotations omitted).

We lack jurisdiction to hear Tek's challenge to the writ of replevin because it does not fall within the definition of "injunction." Unlike an injunction, the writ of replevin in this case was directed to the U.S. Marshals, not to a party to the suit against whom the order could be enforced by threat of contempt. Cf. Santana Prods., Inc. v. Compression Polymers, Inc., 8 F.3d 152, 155 (3d Cir. 1993) (party cannot be held in contempt for failing to comply with an order that contains no provision with which it must comply). Furthermore, the writ, as modified, does accord NutraSweet some of the relief it ultimately desires (possession of the Equal), but it is only a provisional remedy, and the District Court reserved the right to order NutraSweet to return the Equal to Tek if NutraSweet does not ultimately prevail. J.A. at 352. Because the writ of replevin is not an injunction for purposes of section 1292(a)(1), we hold that it is not an appealable interlocutory order. See, e.g., HBE Leasing Corp. v. Frank, 48 F.3d 623, 632 (2d Cir. 1995) ("the provisional remedies of attachment and replevin . . . do not constitute injunctions for the purposes of section 1292(a)(1)"); FDIC v. Elio, 39 F.3d 1239, 1249 (1st Cir. 1994) ("attachments are not among the interlocutory orders appealable under 28 U.S.C. S 1292(a)"); Cohen, 867 F.2d at 1464 ("orders attaching security for a judgment ultimately to be rendered have been held not to fall under section 1292(a)(1), even though such orders have a significant impact on the parties whose property is affected" (citing cases)); United States v. Hansen, 795 F.2d 35, 39 (7th Cir. 1986) ("Orders of replevin and attachment are not appealable under 28 U.S.C. S 1292(a)(1)." (citing cases)); accord 16 Wright, Miller & Cooper, Federal Practice & Procedure S 3922.3, at 116 (1996) ("Enforcement of such traditional security devices as attachment and replevin ordinarily is thought not to involve an injunction within the meaning of S 1292(a)(1).").

IV.

For the foregoing reasons, we will reverse and remand

6

with instructions to vacate the preliminary injunction.5 We dismiss Tek's appeal of the writ of replevin for lack of jurisdiction.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

_____

5. The District Court is obviously not precluded from entering another preliminary injunction if it develops the record and makes adequate findings of fact that satisfy the requirements for a preliminary injunction.