**BOARD OF DIRECTORS, BLUEBEARD'S CASTLE HILLTOP VILLAS CONDOMINIUM ASSOCIATION, an unincorporated association, in its own behalf and on behalf of its members; BOARD OF DIRECTORS, BLUEBEARD'S CASTLE VILLAS I CONDOMINIUM ASSOCIATION, an unincorporated association, in its own behalf and on behalf of its members; and BOARD OF DIRECTORS, BLUEBEARD'S CASTLE VILLAS III CONDOMINIUM ASSOCIATION, an unincorporated association, in its own behalf and on behalf of its members**

**v.**

**FAIRFIELD RESORTS, INC., a Delaware corporation; EQUIVEST FINANCE, INC., a Connecticut corporation; EQUIVEST ST. THOMAS, INC., f/k/a Bluebeard's Castle, Inc., a Virgin Islands corporation; RCI RESORT MANAGEMENT, INC., an Indiana corporation; EQUIVEST CAPITAL INC., f/k/a Resort Funding, Inc., a Delaware corporation; JOHN S. CAVANAUGH; WILLIAM F. REIGHLEY; and BLUEBEARD'S CASTLE PIRATES' PENSION CONDOMINIUM ASSOCIATION, an unincorporated association, in its own behalf and on behalf of its members as interested party only. PETER HERNANDEZ, JOHN JOHNSON and SCOTT NASSAR, Appellants**

D.C. Civil App. No. 2005-180

District Court of the Virgin Islands

Division of St. Thomas and St. John, Appellate Division

July 24, 2009

Joshua E. Tate, Esq., St. Croix, USVI, *For the Appellants*.

JOEL H. HOLT, ESQ., St. Thomas, USVI, *For the Appellee.*

GÓMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and DONOHUE, *Judge of the Superior Court, Division of St. Croix, sitting by designation.*

## MEMORANDUM OPINION

(July 24, 2009)

Three members of a housing condominium's board of directors appeal an order, entered by the Superior Court of the Virgin Islands on June 6, 2005, prohibiting them from participating in litigation decisions in an action involving the housing condominium. For the reasons given below, the Court finds that it does not have jurisdiction to hear this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of an action (the "Underlying Action") commenced in November, 2004, by three of four condominium associations (the "Plaintiffs") that together comprise a development known as Bluebeard's Castle Resort on St. Thomas, U.S. Virgin Islands.[1] The Defendants in the Underlying Action are several corporate entities and individuals involved in the development of the Plaintiffs' condominiums.

Before the Underlying Action was commenced, Peter Hernandez, John Johnson and Scott Nassar (the "Appellants") were elected to the board of directors of one of the Plaintiff associations, the Bluebeard's Castle Villas III Condominium Association ("Villas III" or the "Appellee"). The Villas III board of directors had approved bringing the Underlying Action before the election of the Appellants.

Over the course of the Underlying Action, a dispute arose among the members of the Appellee's board of directors with respect to the selection of legal counsel. On April 5, 2005, the Superior Court held a hearing on the matter. On June 6, 2005, the Superior Court issued an order (the

---

[1] The three condominium associations that brought the Underlying Action are Bluebeard's Castle Hilltop Villas Condominium Association, Bluebeard's Castle Villas I Condominium Association, and Bluebeard's Castle Villas III Condominium Association.

"Order") preventing the Appellants from participating in litigation decisions in the Underlying Action. The Appellants now appeal the Order. The Underlying Action is proceeding in the Superior Court notwithstanding this appeal.

## II. DISCUSSION

■■ This Court has jurisdiction to review final orders in civil cases. *See* V.I. CODE ANN. tit. 4, § 33 (1997). The requirement of finality, also known as the final judgment rule, means that " 'a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.' " *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429-30, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981)). The Supreme Court has explained that "the final judgment rule serves several salutary purposes":

> It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of avoiding the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. The rule also serves the important purpose of promoting efficient judicial administration.

*Cunningham v. Hamilton County*, 527 U.S. 198, 203-04, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999) (quoting *Firestone Tire & Rubber Co.*, 449 U.S. at 374). Consistent with these principles, the Supreme Court has held that a decision is not final unless it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22, 108 S. Ct. 1945, 100 L. Ed. 2d 517 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945)).

■■ The Order in this matter does no more than prevent three individuals from participating in litigation decisions in the Underlying

Action. As such, it is not a final order on the merits that would ordinarily allow for direct appeal in this Court. *See, e.g., Enrietto v. Townsend*, 49 V.I. 311, 316 (V.I. 2007). The U.S. Supreme Court has, however, set forth two exceptions to the final judgment rule that allow for otherwise unappealable orders to be immediately appealed. The first such exception concerns appeals from interlocutory orders relating to injunctive relief. The second such exception is referred to as the collateral order doctrine. Both of these exceptions are discussed below in turn.

■ The first exception to the final judgment rule vests the Court with appellate jurisdiction to review "[a]n interlocutory order granting, continuing, modifying, refusing or dissolving an injunction, or refusing to dissolve or modify an injunction." V.I.R. APP. P. 5(a)(2)(I). The Order in this matter provides, in pertinent part:

1. The undisputed facts in the record show [the Appellants] are directors on the Villas III Board of Directors and also employees of Defendants and/or their affiliates.

2. [The Appellants] are before this Court and within this Court's jurisdiction because Villas III's Board of Directors is a plaintiff in this case.

3. [The Appellants] have a conflict of interest with respect to this litigation.

4. [The Appellants] are prohibited from participating in any decision by the Villas III Board of Directors and the Villas III Association with respect to this litigation, including but not limited to the selection of Counsel and strategy in this litigation.

[Appellants' App'x at 137.] While the parties appear to describe the Order as an injunction, the Court is "not constrained" by that characterization. *See, e.g., Santana Products v. Compression Polymers*, 8 F.3d 152, 154 (3d Cir. 1993) (quoting *Bailey v. Systems Innovation, Inc.*, 852 F.2d 93, 96 (3d Cir. 1988)). Rather, the Court's "crucial inquiry is as to the practical effect of the order." *See New Jersey State Nurses Ass'n v. Treacy*, 834 F.2d 67, 69 (3d Cir. 1987) (reasoning that "certain orders not explicitly styled as injunctions may have injunctive effect").

■ The Court uses a three-part test to determine whether an interlocutory order is injunctive and, therefore, subject to immediate appeal. The order must be (1) "directed to a party"; (2) "enforceable by contempt"; and (3) "designed to accord or protect 'some or all of the substantive relief sought by a complaint' in more than a [temporary] fashion." *See Santana Products*, 8 F.3d at 154 (citing *Cohen v. Board of Trustees of University of Medicine & Dentistry*, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989)). The provision for interlocutory review of injunctive orders " 'should be construed narrowly so as not to swallow the final-judgment rule.' " *In re Pressman-Gutman*, 459 F.3d 383, 392 (3d Cir. 2006) (quoting *Hershey Foods Corp. v. Hershey Creamery Co.*, 945 F.2d 1272, 1276 (3d Cir. 1991)).

■ A review of the Order in this matter yields no evidence that the three-part test set forth in *Cohen* is met. First, the Order is not directed at a party in the Underlying Action. Instead, the Order is directed exclusively at three members of one of three condominium associations that collectively are a party in the Underlying Action. The Order is thus not an injunction because it does not meet the first part of the text. Moreover, the Order in no way bears on the relief sought in the complaint in the Underlying Action. That complaint asserts, *inter alia*, allegations of common law fraud, common law conversion, and breach of contract. Thus, because the second part of the test is not met, either, the Order cannot be interpreted as an immediately appealable injunction.[2]

■ In light of the policy reasons underpinning the final judgment rule, *see, e.g., Richardson-Merrell, Inc.*, 472 U.S. at 434 ("One purpose of the final judgment rule embodied in § 1291 is to avoid the delay that

---

[2] In an appeal arising under almost identical circumstances, the Supreme Court of the Virgin Islands explained:

We believe the order at issue is more appropriately characterized as a restraint or direction concerning the conduct of parties or their counsel, unrelated to the substantive relief sought. Whether the order has the practical effect of enjoining appellants from participating in litigation decisions, an order by a trial court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable. . . . Such orders, even when cast in injunctive terms, are crafted to control the proceedings, and as case management orders, are not directly appealable. . . .

*Enrietto*, 49 V.I. at 317 (internal quotations and citations omitted). Similarly to the order in *Enrietto*, the Order in this matter "plainly relates only to the conduct or progress of the [Underlying Action]." *Id.* at 318.

inherently accompanies time-consuming interlocutory appeals."), the Court does not find that the Order in this matter falls within the "limited class of exceptions" to that rule. *See, e.g., United States v. Johns*, 858 F.2d 154, 156-57 (3d Cir. 1988). Accordingly, the Court finds that the Order is not an injunction subject to immediate review in this Court.

 The second exception to the final judgment rule is the collateral order doctrine. The Supreme Court has explained:

> [The doctrine] considers as final judgments, even though they do not end the litigation on the merits, decisions which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated.

*Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 103 L. Ed. 2d 879 (1989) (internal quotation marks and citation omitted). To come within the limited class of final collateral orders, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. The Supreme Court has referred to the collateral order doctrine as a "narrow exception" that contains "stringent" requirements. *Robinson v. Hartzell Propeller, Inc.*, 454 F.3d 163, 168 (3d Cir. 2006) (citing *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994)). Furthermore, "failure to meet one prong makes the doctrine inapplicable no matter how compelling the other prongs may be." *Virgin Islands v. Hodge*, 359 F.3d 312, 320, 45 V.I. 738 (3d Cir. 2004).

 Here, the three elements of the collateral order doctrine are not attendant. In *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985), the Supreme Court "reject[ed] the . . . suggestion that civil orders disqualifying counsel satisfy the second condition of the collateral order exception." *Id.* at 438 (concluding "that orders disqualifying counsel in civil cases are not 'completely separate from the merits of the action' ") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)); *see also Pressman-Gutman*, 459 F.3d at 397 ("In our view, the appointment of a substitute [pension] Plan representative to replace the otherwise

conflicted Plan administrators is similar to an order disqualifying conflicted counsel, which is not appealable under the collateral order doctrine.").

 The Order preventing the Appellants in this matter from participating in the Underlying Action is similar to the order in *Pressman-Gutman*. Both the order in that case and the Order in the matter before this Court are founded on a conflict of interest arising out of underlying litigation. In *Pressman-Gutman*, the Third Circuit saw "no reason to conclude that the orders appointing the guardian ad litem effectively will be unreviewable on appeal from a final judgment." 459 F.3d at 397. Similarly, in this matter, the Appellants will have the opportunity to appeal a final judgment in the Underlying Action if the Plaintiffs in the Underlying Action "suffer an unsatisfactory judgment." *See, e.g., id.,* at 397. Consequently, because the Appellants will have such an opportunity, the Order does not come within the collateral order exception to the final judgment rule.

### III. CONCLUSION

For the reasons stated above, the Court finds that the Order is not a final judgment subject to review in this Court, as contemplated by V.I. CODE ANN. tit. 4, § 33. The Court further finds that no exception to the final judgment rule applies. Consequently, this appeal will be dismissed for lack of jurisdiction.