[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11127
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00445-SCB-CPT-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO ENRIQUE LLANOS MIRANDA,
JAIR MENDOZA MONTOYA,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(May 17, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Gustavo Llanos Miranda and Jair Mendoza Montoya, indicted and tried together for offenses related to trafficking cocaine, appeal their convictions, and Montoya additionally appeals his 360-month total sentence.  Miranda and Montoya were convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1).  Both defendants were also convicted of possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of §§ 70503(a), 70506(a), § 960(b)(1)(B)(ii), and 18 U.S.C. § 2 (Count 2).

On appeal, Miranda and Montoya both challenge the sufficiency of the evidence underlying their convictions.  Montoya additionally challenges his sentence on two grounds: that the district court erred by imposing a sentence enhancement under U.S.S.G. § 3C1.1, because the enhancement violated his constitutional right to testify, and that the district court abused its discretion by sentencing him to 360 months' imprisonment when his codefendants received lower sentences.  We will consider each challenge in turn.

I.

We review the sufficiency of the evidence *de novo,* "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences

in favor of the verdict." *United States v. Schier*, 438 F.3d 1104, 1107 (11th Cir. 2006). The district court's denial of "motions for judgment of acquittal will be upheld if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000). We will not reverse a conviction solely because the defendant put forth a reasonable hypothesis of innocence at trial because "the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *United States v. Campo*, 840 F.3d 1249, 1258 (11th Cir. 2016).

To prove the existence of a conspiracy, the government must prove "that two or more persons entered into an unlawful agreement to commit an offense, that the defendant knew of the agreement, and that he voluntarily became a part of the conspiracy." *United States v. Cruickshank*, 837 F.3d 1182, 1188 (11th Cir. 2016). "In maritime drug-trafficking cases, a jury may find knowledgeable, voluntary participation from presence when the presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present." *United States v. Wilchcombe*, 838 F.3d 1179, 1188 (11th Cir. 2016) (quotations omitted). In so finding, the jury should consider: (1) the probable length of the voyage; (2) the size of the contraband shipment; (3) the close relationship among the captain and crew; (4) the obviousness of the contraband; and, (5) other factors,

3

including witnessed participation of the crew.  *Id.* at 1188-89.  If the quantity of drugs involved is "large," the government must only prove one of the factors.  *Id.* at 1189.

To prove possession with intent to distribute, the government must show "knowing possession and an intent to distribute."  *Cruickshank*, 837 F.3d at 1189.  A defendant can constructively possess a controlled substance by "exercis[ing] some measure of control over the contraband, either exclusively or in association with others."  *Id.*  An intent to distribute a controlled substance can be inferred when there is a large quantity of drugs involved.  *United States v. Hernandez*, 864 F.3d 1292, 1205 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 1043 (2018).

Viewing the evidence in the light most favorable to the government, the evidence, including the credible testimony of four codefendant witnesses, that both Miranda and Montoya knew of the plan to traffic cocaine, participated in several meetings regarding payment for the trip, helped load approximately 1,500 kilograms of cocaine into a secret compartment, and set sail knowing the cocaine was aboard the Fat Crow, was sufficient to support their convictions for both charges.  We therefore affirm Miranda's and Montoya's convictions.

II.

We typically review the procedural reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). However, the sentencing court's interpretation of the guidelines is reviewed *de novo*, as well as the application of the guidelines to the facts. *United States v. Barrington*, 648 F.3d 1178, 1194-95 (11th Cir. 2011). The sentencing court's factual findings are reviewed for clear error. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

The Federal Sentencing Guidelines provide for a two-level enhancement of a defendant's base offense level if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . prosecution . . . of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction." U.S.S.G. § 3C1.1. If a defendant objects to a sentence enhancement on the basis of his trial testimony, the district court is required to "review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition." *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). A defendant commits perjury when he: (1) gives false testimony (2) on a material matter (3) with willful intent. *Id.* at 94. Although a defendant has a constitutionally protected right to testify in his own defense, "that right has never included a right to commit perjury." *Id.* at 96; *see also United States v. Dobbs*, 11

F.3d 152, 153 (11th Cir. 1994).  Moreover, "[t]he concern that courts will enhance sentences as a matter of course whenever the accused takes the stand and is found guilty is dispelled by our earlier explanation that if an accused challenges a sentence increase based on perjured testimony, the trial court must make findings to support all the elements of a perjury violation in the specific case." *Dunnigan*, 507 U.S. at 96-97.

Under the "prior precedent rule," we are bound by prior binding precedent "unless and until it is overruled by this Court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Here, the district specifically identified several statements Montoya made at trial that it found to be untruthful, which were material because they touched on the elements of the charged offenses.  Moreover, Montoya's argument that the application of the obstruction of justice enhancement under U.S.S.G.§ 3C1.1 violated his constitutional right to testify is foreclosed by the Supreme Court's precedent in *Dunnigan* as well as our precedent in *Dobbs*.  Accordingly, the district court did not err by applying a two-level enhancement to Montoya's offense level under § 3C1.1.

### III.

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard of review.  *Gall*, 552 U.S. at 41.  A court can abuse its

6

discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect that it will be.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  As part of its analysis under 18 U.S.C. § 3553(a), a sentencing court must be careful to avoid unwanted sentencing disparities between similarly situated defendants.  18 U.S.C. § 3553(a)(6).  "The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

The district court did not abuse its discretion by sentencing Montoya to 360 months' imprisonment, a sentence at the very low end of his advisory guideline range.  Montoya was not similarly situated to his codefendants because he was a first officer aboard the ship and testified falsely in his own defense at trial.

7

Therefore, the district court's decision not to impose a sentence beneath the

Guidelines range fell well within its discretion.  Accordingly, we affirm.

**AFFIRMED.**