**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2426
_____

JANSSEN PRODUCTS, L.P.; PHARMA MAR, S.A.,
Appellants

v.

EVENUS PHARMACEUTICALS LABORATORIES INC.;
JIANGSU HENGRUI PHARMACEUTICALS CO., LTD.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-22-cv-02499)
District Judge: Honorable Georgette Castner
_____

Argued June 14, 2023

Before: PORTER, FREEMAN, and FISHER, *Circuit Judges*.

(Opinion filed: October 17, 2023)
_____

Roy T. Englert, Jr. **[ARGUED]**
Shikha Garg
Kramer Levin Naftalis & Frankel
2000 K Street NW
4th Floor
Washington, DC 20006

Peter C. Harvey
Patterson Belknap Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036

Lisa Kobialka
Kramer Levin Naftalis & Frankel
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065

Irena Royzman
Daniel I. Sugarman
Christine Willgoos
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036
        *Counsel for Appellants*

Arnold B. Calmann
Katherine A. Escanlar
Saiber
18 Columbia Turnpike
Suite 200
Florham Park, NJ 07932

Clifton S. Elgarten
Ali H. K. Tehrani
Crowell & Moring
1001 Pennsylvania Avenue NW
Washington, DC 20004

James K. Stronski **[ARGUED]**
Crowell & Moring
590 Madison Avenue
20th Floor
New York, NY 10022
        *Counsel for Appellees*

_____

## OPINION OF THE COURT

_____

FREEMAN, *Circuit Judge*.

Plaintiff pharmaceutical companies sued two competitors for misappropriation of trade secrets. While discovery was underway, plaintiffs moved ex parte for an order seizing some of defendants' property. The District Court declined to order a seizure, concluding that plaintiffs did not satisfy the requirements for that extraordinary form of relief available under the Defend Trade Secrets Act, 18 U.S.C. § 1836. Plaintiffs appealed. Because the District Court's order does not qualify for immediate appellate review, we will dismiss the appeal for lack of jurisdiction.

# I

Appellants Janssen Products, L.P. and Pharma Mar, S.A. (together, "Janssen") spent ten years and over half a billion dollars developing a stable, injectable version of the cancer drug trabectedin.[1]  They documented how to produce the drug for treatment on a commercial scale and patented some of the processes.  They kept their data, specifications, and methods for manufacturing the drug confidential, and they consider that information trade secrets.  The final drug product they developed is trademarked and sold as Yondelis.

In 2015, the U.S. Food and Drug Administration ("FDA") approved Yondelis for use in certain cancer patients. Two years later, two competitors—Jiangsu Hengrui Pharmaceuticals Co. Ltd. ("Hengrui"), a Chinese corporation, and its U.S. subsidiary, eVenus Pharmaceuticals Laboratories, Inc. ("eVenus")—sought FDA approval to sell a generic version of Yondelis.  Janssen sued Hengrui and eVenus for patent infringement.

During discovery in the patent case, Janssen obtained documents that led them to believe Hengrui and eVenus misappropriated their trade secrets.  In April 2022, they filed a separate lawsuit seeking relief under the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), and state law.

The parties had a series of contentious discovery disputes in the patent case and the trade secrets case, and Janssen became convinced that Hengrui and eVenus had spoliated evidence.  They filed an ex parte seizure application

---

[1] We summarize the facts as alleged in Janssen's complaint.

4

under the DTSA, which provides that "the court may, upon ex parte application but only in extraordinary circumstances, issue an order providing for the seizure of property necessary to prevent the propagation or dissemination of the trade secret that is the subject of the action." 18 U.S.C. § 1836(b)(2)(A)(i).

In their ex parte application, Janssen asked the District Court to seize eVenus's network servers and stored data, the laptops and cell phones of three current employees, and the laptop of one former employee. They argued that they satisfied all eight requirements for a DTSA ex parte seizure order. *See* 18 U.S.C. § 1836(b)(2)(A)(ii) (stating that the court cannot grant an application unless it "finds that it clearly appears from specific facts" that all enumerated requirements are satisfied). Per the DTSA's requirement that a federal law enforcement officer carry out any seizure, Janssen proposed that the United States Marshals seize the property. 18 U.S.C. § 1836(b)(2)(E).

The District Court denied the ex parte seizure application after concluding that Janssen failed to make an adequate showing for five of the eight DTSA factors. It found that Janssen had not shown that eVenus was in actual possession of the property at issue, § 1836(b)(2)(A)(ii)(V), or that eVenus's property was present at the location of the proposed seizure given questions about whether eVenus occupied the space, § 1836(b)(2)(A)(ii)(VI). It also found an insufficient showing of immediate and irreparable harm, § 1836(b)(2)(A)(ii)(II), or an immediate concern for spoliation, § 1836(b)(2)(A)(ii)(VII). Given that Janssen sought seizure of property that would sweep in "all [eVenus's] company information," "not limited in any way to the matters at issue in this case," the Court found that the balance of harm weighed against granting the seizure. § 1836(b)(2)(A)(ii)(III).

5

Janssen timely appealed.

## II

The District Court had jurisdiction under 28 U.S.C. §§ 1331 & 1332(a) and 18 U.S.C. § 1836(c). The parties dispute this Court's jurisdiction. We always have jurisdiction to determine our own jurisdiction, *United States v. Kwasnik*, 55 F.4th 212, 215 (3d Cir. 2022), and our review is plenary, *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 665 (3d Cir. 2016).

## III

Janssen contends that we have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the order denying their DTSA ex parte seizure application. They argue that the District Court's order is immediately appealable because the denial of a DTSA ex parte seizure is the denial of a functional injunction. They also assert that we have jurisdiction over DTSA ex parte seizure rulings for the same reasons that we have jurisdiction over Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116, ("Lanham Act") ex parte seizure rulings. We are not persuaded and conclude that we lack jurisdiction under § 1292(a)(1). And because no other statute provides us jurisdiction, we will dismiss this appeal.

### A

As a general rule, federal courts of appeals only have jurisdiction to review final decisions of the district courts. *See Zurn Indus., LLC v. Allstate Ins. Co.*, 75 F.4th 321, 327 (3d Cir. 2023). Congress has created limited exceptions to this rule. *Id.* One such exception is 28 U.S.C. § 1292(a)(1), which grants

6

courts of appeals jurisdiction to review non-final orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." We construe § 1292(a)(1) narrowly so the exception does not "swallow the final-judgment rule." *In re Pressman-Gutman Co.*, 459 F.3d 383, 392 (3d Cir. 2006) (quoting *Hershey Foods Corp. v. Hershey Creamery Co.*, 945 F.2d 1272, 1276 (3d Cir. 1991)).

Some orders are immediately appealable under § 1292(a)(1) even if they do not explicitly grant or deny injunctions—that is, if they effectively do so. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83–84 (1981). To determine whether an order is effectively injunctive, we use a three-part "functional test." *Ramara*, 814 F.3d at 669–70. We ask whether the order (1) is "directed to a party," (2) may be enforced by contempt, and (3) is "designed to accord or protect some or all of the substantive relief sought by a complaint in more than a [temporary] fashion." *Zurn*, 75 F.4th at 326–27 (quoting *Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989) (quotation marks omitted)). Not every order that passes this three-part test is immediately appealable. In some circumstances, the party seeking to appeal the order must make two additional showings (the "*Carson* factors").[2] But we do not reach the *Carson*

---

[2] The additional showings are that the denial (1) works a "serious, perhaps irreparable, consequence," and (2) "can be effectually challenged only by immediate appeal." *Saudi Basic Indus. Corp. v. Exxon Corp.*, 364 F.3d 106, 111 (3d Cir. 2004) (quoting *Carson*, 450 U.S. at 84 (quotation marks omitted)).

7

factors here because the District Court's order fails the functional test.

An order (or, as here, a requested order) must satisfy all three prongs of the functional test to be effectively injunctive. But no DTSA seizure order can satisfy the first or the second prong. Recall that the DTSA requires "law enforcement officials" to "execut[e]" any ex parte seizure order. 18 U.S.C. § 1836(b)(2)(B)(iv). So any seizure order is necessarily directed to law enforcement—not a party. *See NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 154 (3d Cir. 1999) (holding that a writ of replevin is not a functional injunction because it "was directed to the U.S. Marshals, not to a party to the suit against whom the order could be enforced by threat of contempt."). And a party cannot be held in contempt for failing to comply with an order that does not direct it to do or refrain from doing anything. *Santana Prods., Inc. v. Compression Polymers, Inc.*, 8 F.3d 152, 155 (3d Cir. 1993). So the District Court's order did not effectively deny an injunction.

B

Janssen also argues that we have jurisdiction over DTSA ex parte seizure denials because in *Vuitton v. White*, 945 F.2d 569 (3d Cir. 1991), we held that we have jurisdiction over Lanham Act ex parte seizure denials. We disagree. Our decision in *Vuitton* was grounded in the text of the Lanham Act, where Congress made plain that any ex parte seizure orders granted under that statute are injunctions. *Id.* at 572. But that ruling does not extend to the DTSA. The DTSA contains no evidence that Congress considered its ex parte seizure orders to be injunctions.

8

In *Vuitton*, we reviewed 15 U.S.C. § 1116—the section of the Lanham Act titled "Injunctive relief." *Vuitton*, 945 F.2d at 572. Subsection 1116(d) permits courts "upon ex parte application, [to] grant an order under subsection (a) of this section." 15 U.S.C. § 1116(d)(1)(A). In turn, subsection 1116(a) grants courts "power to grant injunctions." § 1116(a). When we construed the text of § 1116(d) and 28 U.S.C. § 1292(a)(1) together, we concluded that Congress "viewed § 1116(d) seizure orders as a form of injunctive relief." *Vuitton*, 945 F.2d at 572; *see also id.* at 572–73 (concluding that the Lanham Act's legislative history supports our interpretation of the text).

Second, we asked whether an order resolving a Lanham Act ex parte seizure application is more like an order resolving an application for a temporary restraining order (*i.e.*, not immediately appealable) or more like an order resolving an application for a preliminary injunction (*i.e.*, immediately appealable). We concluded that a grant of an ex parte seizure application under the Lanham Act functions like a temporary restraining order because Section 1116(d) requires a hearing within 15 days. *Id.* at 573. But we held that the denial of such an application functions like an order denying a preliminary injunction because the order is a final resolution of the application. *Id*. at 573–74.

Third, we concluded that the district court's denial of the § 1116(d) seizure application in *Vuitton* satisfied both *Carson* factors. *Id*. at 574. As a result, we held that the denial of the seizure application was immediately appealable. *Id.*

Janssen argues that our holding in *Vuitton* applies equally to their case.[3] But that argument falters at the first step of the *Vuitton* analysis: a review of the statutory text. As discussed above, the Lanham Act's ex parte seizure provisions are part of the "Injunctive relief" section of the Act, and the statute permits district courts to grant ex parte seizure applications under their "power to grant injunctions." 15 U.S.C. §§ 1116, 1116(a). In contrast, the portion of the DTSA governing ex parte seizure orders is separate from and does not reference the portion of the DTSA governing injunctions. *Compare* 18 U.S.C. § 1836(b)(2) (outlining procedures for civil seizures) *with* § 1836(b)(3)(A) (describing the district court's ability to "grant an injunction" as a remedy for the misappropriation of a trade secret). Unlike in the Lanham Act, Congress did not provide a link between the DTSA's civil seizure provisions and its injunction provisions.

And the DTSA's text further distinguishes ex parte seizure orders from injunctions. The statute permits district courts to issue ex parte seizure orders only when "an order

---

[3] In a subsequent Lanham Act case, we recounted that, "[i]n *Vuitton*, we held that we have statutory appellate jurisdiction under 28 U.S.C. § 1292(a)(1) over interlocutory appeals from orders denying ex parte seizure." *Lorillard Tobacco Co. v. Bisan Food Corp.*, 377 F.3d 313, 318 (3d Cir. 2004). To the extent that Janssen argues that this sentence in *Lorillard Tobacco* applies to statutes other than the Lanham Act, we reject that argument. *Cf. Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009) ("When conducting statutory interpretation, we must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination.") (quotation and citation omitted).

issued pursuant to Rule 65 of the Federal Rules of Civil Procedure or another form of equitable relief would be inadequate . . . ." 18 U.S.C. § 1836(b)(2)(A)(ii)(I). Rule 65 regulates district courts' authority to issue injunctions and restraining orders. So the language of the DTSA shows that Congress intended ex parte seizure orders to be distinct from injunctions. Congress made no such distinction in the Lanham Act. *See* 15 U.S.C. § 1116(d)(4)(B)(i) (requiring a district court to find that "an order other than an ex parte seizure order is not adequate to achieve the purposes of section 1114 of this title").

The DTSA's statutory context further demonstrates that Congress did not intend courts of appeals to have jurisdiction over DTSA ex parte seizure rulings. Congress enacted the DTSA in 2016 as an amendment to the Economic Espionage Act of 1996 ("EEA"), 18 U.S.C. § 1831 *et seq.* Statement by the Press Secretary on S. 1890, 2016 WL 2731989, at *1 ("On Wednesday, May 11, 2016, the President signed into law: S. 1890, the 'Defend Trade Secrets Act of 2016,' which amends the Economic Espionage Act to allow private parties to seek civil remedies in Federal court for trade secret misappropriation."). In the section of the EEA immediately preceding the DTSA, Congress expressly provided the federal courts of appeals with jurisdiction over "[a]n interlocutory appeal by the United States . . . from a decision or order of a district court authorizing or directing the disclosure of any trade secret." 18 U.S.C. § 1835(a). Congress's express grant of appellate jurisdiction over certain interlocutory appeals in the same statutory scheme supports our conclusion that Congress did not intend to confer jurisdiction over DTSA ex parte seizure rulings. *Cf. Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language

11

in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (cleaned up).

Lacking clear indication that Congress intended DTSA ex parte seizure rulings to be immediately appealable, we hold that we lack jurisdiction.

* * *

For the foregoing reasons, we will dismiss this appeal for lack of jurisdiction.